## The STATE *in certiorari vs.* The INHABITANTS OF POWNAL.

The Court of Sessions has no *original* jurisdiction in the laying out of town or private ways ; — its jurisdiction in such cases is of an *appellate* character merely ; — and even then is confined to two specified cases, viz. where the Selectmen of a town shall *unreasonably* delay or refuse to lay out such way, or the town shall *unreasonably* delay or refuse to approve of the same.

This *unreasonable delay* or *refusal* should always appear of *record* in the Court of Sessions, as the *evidence* of *jurisdiction*. And where it is wanting it will be good cause for quashing the proceedings on *certiorari*.

In this case the record of the Court of Sessions for this County being brought up on *certiorari*, it appeared that, on the 1st Tuesday of *June*, 1828, certain inhabitants of the town of *Pownal* petitioned said Court to lay out a road in said town. The petition ran thus ; " The subscribers, inhabitants of the " town of *Pownal* are desirous of having the following *road* " located in said town, namely, beginning," &c. &c. " That " your petitioners on the 30th of *May*, A. D. 1828, requested " in writing of the Selectmen of said *Pownal* to lay out said " road and present and report the same to said inhabitants for " their acceptance as by law is provided — and [that on the " 12th instant the said Selectmen, by a majority of them, *re-* " *fused* to lay out said road, and report the same to said town ; " your petitioners therefore pray that the said road may be " located and established by the Court as is provided by law."

On this petition, in pursuance of an order of Court, the inhabitants of *Pownal* were duly notified, and by their agent appeared and opposed the prayer of the petition, at which term the Court made the following adjudication. " It appears to the " Court, and it is considered and adjudged by the Court here, " that it is of *common convenience* and necessity that the town " road described in this application be opened and made by " said town of *Pownal*, and the Court appoint *Thomas B. Lit-* " *tle, Andrew B. Giddinge,* and *Robert D. Dunning* a com- " mittee to locate said *town road*."

The committee proceeded to locate the road, and their report was afterwards duly accepted by said Court.

And now *Greenleaf* and *Belcher* show for error in said proceedings : —

1. That they were not predicated on a petition in writing to the Selectmen, which is the *foundation* of any jurisdiction. Though it is so stated in the present petition, no such request is produced — nor does such fact appear in the adjudication. *Commonwealth v. Cambridge,* 7 *Mass.* 158 ; *Maine Stat. ch.* 118, *sec.* 10.

2. That it does not appear *what kind* of road was prayed for ; — whether *town* or *private. Craige v. Mellen,* 6 *Mass.* 7.

3. That it does not appear that the Selectmen *unreasonably* refused to lay out the road prayed for.

4. That there was no adjudication that the road was of *general benefit.*

They also cited the following cases. *Lancaster v. Pope & al.* 1 *Mass.* 86 ; *Commonwealth v. Coombs,* 2 *Mass.* 489 ; *Commonwealth v. Great Barrington,* 6 *Mass.* 492.

*Longfellow,* for the petitioners, contended that by the proceedings it did appear that the petitioners had applied in writing to the Selectmen to lay out said road — it was alleged in the petition, which was sufficient, — also that the Selectmen had refused — and this being followed by the adjudication of the Court, it is to be inferred that it was proved before the Court that the refusal was *unreasonable.*

The Court of Sessions adjudged the road to be of *common convenience,* this is all that the statute requires — not necessary to adjudge it to be of " *general benefit.*"

The opinion of the Court was delivered at the ensuing *May* term in *Oxford,* by

MELLEN C. J. — Several objections have been urged in the argument against the proceedings of the Court of Sessions in the location of the road in question. As to all of them, except one, we give no opinion ; this one we consider as sustained, and as fatal. The *ninth section* of *ch.* 68, of the revised statutes, provides that the Selectmen of the several towns in this State may lay out *town* or *private* ways, for the use of such towns only, or for one or more individuals thereof or pro-

prietors therein ; but that no such town or private way shall be established, until the same has been reported to the town, at some public meeting thereof, held for that purpose, and by them approved and allowed. The *tenth section* provides, " that if " the Selectmen shall *unreasonably* delay or refuse to lay out, or " cause to be laid out, any such town or private way, as before de- " scribed, being thereto requested in writing, by one or more of " the inhabitants or proprietors of land in such town, *then* the " Court of Sessions for the same county, at any session thereof " within one year, if the request appear to them reasonable, may " cause the same private way to be laid out, &c. &c. — The *eleventh section* makes a similar provision for those cases where the *town* shall *unreasonably* delay or refuse to *approve* and *allow* of such road, when laid out by the Selectmen. From a view of these provisions it is evident that the jurisdiction of the Court of Sessions, in the laying of town or private ways, is of an *appellate* character only. It has no *original* jurisdiction in such cases. Neither has the Court *appellate* jurisdiction in laying out such roads, except in the two *specified* cases ; that is, when the Selectmen shall *unreasonably* delay or refuse to lay out such way ; or the town shall *unreasonably* delay or refuse to approve and allow of the same. Now in both the instances mentioned, the delay or refusal may have been founded on good and substantial reasons, existing and operating at the time of such delay or refusal; or, in other words, the delay or refusal may have been perfectly *reasonable* and *proper*, instead of *unreasonable;* and yet at the time the Court of Sessions undertake to lay out and establish the way, these reasons may have *ceased to exist;* and the road prayed for may be highly beneficial to the town ; yet such facts would, of themselves, give no authority to the Court of Sessions to lay out the road. . Now, on inspection of the record before us, we find, immediately after the recital that all parties concerned had been fully heard, the following sentence by way of adjudication. " It appears " to the Court, and it is considered and adjudged by the Court " here, that it is of common convenience and necessity that the " town road described in the application, be opened and made " by said town of *Pownal*." It is no where stated in the record

and proceedings of the Court in their adjudication, that the Selectmen of *Pownal* had *unreasonably* delayed or refused to lay out the road ; that is, it no where appears on such record and proceedings of the Court, that it had *any jurisdiction whatever* in the premises. If the Court were really satisfied from an examination of the facts of the cause while under their consideration, that the Selectmen had *unreasonably* delayed or refused to lay out the road, that fact should have been stated by the Court as the *evidence* of their *jurisdiction*, and of the *reason* for *exercising* such jurisdiction and proceeding to lay out the road. The omission or absence of this record evidence of jurisdiction is fatal. From the nature of the case, such evidence can only exist in the record of the *opinion* and *adjudication* of the Court ; for the *facts* on which such *opinion* and *adjudication* are founded, in cases similar to the one under consideration, never appear on record. We are all of opinion, for the reasons above stated, that the proceedings brought before us on the *certiorari* must be quashed, and they are hereby quashed accordingly.