GOODRICH *v.* COMMISSIONERS OF HIGHWAYS OF THE TOWNSHIP OF LIMA.

Where commissioners of highways laid out and established a road, and an appeal was taken from their decision to the township board, which affirmed what the commissioners had done, a certiorari sued out for the purpose of reviewing the decision of the *township board*, directed to the *commissioners* instead of the township board, was dismissed for irregularity.

MOTION to dismiss certiorari. In September, 1847, the commissioners of highways of the township of Lima, in Washtenaw county, laid out and established a highway across the land of the plaintiff, who subsequently appealed from their decision to the township board. In January, 1848, the township board, after hearing the proofs and allegations of the parties on the appeal, made their decision, confirming what had been done by the commissioners. To review this last decision a certiorari was taken out, directed to the commissioners by name; and their successors in office, and requiring them to return what plaints were " levied before them, *and the town board of said town,* in the matter of difference between Chauncey S. Goodrich, appellant, and the commissioners of highways of the town of Lima, in said county, as to the actings and doings of said commissioners in laying out and establishing a highway in said town, across the lands of said Goodrich."

————— for the motion.

*Hawkins,* contra.

*By the court,* GREEN, J. The only error complained of by the plaintiff in his affidavit, is, that the decision of the township board, affirming the acts of the commissioners, was illegal and incorrect, and ought to be reversed.

In the case of the Commonwealth *v.* Winthrop, 10 Mass. 177, a tax had been assessed for the purpose of repairing a highway, by the court of common pleas for the county of Somerset. Subsequently the court of sessions for that county was revived, with jurisdiction over assessments for such purposes, and the records of the court of common pleas relating to such assessments, were transferred, with such jurisdiction, to the revived court of sessions.

The writ of certiorari was issued to the chief justice of the circuit court of common pleas comprehending Somerset county, commanding him to certify the proceedings of the court relative to the assessment of said tax. A return was made to the writ by the clerk of the court of common pleas, who was also clerk of the court of sessions, for the county of Somerset, certifying the proceedings according to the command of the writ; but the court quashed the certiorari, as having issued improvidently, and ordered a new writ to issue to the first justice of the court of sessions for the county of Somerset.

So in the case of Bogart *v.* The Mayor &c. of New York, 7 Cowen 158, a *certiorari* was issued to the defendants, to remove the proceedings of the corporation of the city of New York, in widening a street, and the court held that the writ should have been directed to the judges of the supreme court, sitting as commissioners: most of the proceedings sought to be questioned, being before them as commissioners, though it was said that some of them remained with the defendants; and the writ was quashed on the ground that it was both misdirected, and not allowed on cause properly shown.

In the case now before this court, the respondents are only required to certify in relation to the matter in difference between Goodrich, *appellant*, and the commissioners. This confines them to what appeared before the township board, in the proceedings upon the appeal, for it was only there that the plaintiff appeared in the character of *appellant*, or where he and the commissioners assumed the attitude of adverse parties. Considering, also, that the only error complained of, is the decision of the township board upon the appeal, it is very apparent that all the plaintiff has sought to bring up by this writ, is the proceedings before the board upon his appeal; and it also seems very clear, that, for this purpose, the writ should not have been issued to the commissioners of highways, but that, if the plaintiff has any remedy by certiorari, to correct any error of the township board in the premises, his writ must be directed to the officers before whom the proceedings sought to be questioned remain.

The writ of certiorari in this case must be dismissed, with costs to the respondents.

*Certiorari dismissed.*