# SUPREME COURT.

—————— PECK vs. ERASMUS D. FOOT and wife.

A *return to a certiorari* made by a *judge,* who was out of office, before the service of the certiorari upon him, is a nullity.

Where a judge of the late Common Pleas was served with a certiorari, after his term of office had expired, under the amended constitution of 1846, to remove certain proceedings had before him, (while in office,) relating to "summary proceedings to recover the possession of lands," *held,* that the return made by him was a nullity.

A *justice of the peace* is authorized by statute, (2 R. S. 271, § 260,) to make a valid return to a *certiorari* served upon him, *after he has gone out of office,* for the purpose of reviewing a *judgment* rendered by him. But there is no such provisions of law in cases of special proceedings, made applicable to a judge.

—————— *Special Term,* ——————, 1850.—Motion to set aside a return to a certiorari. Proceedings were instituted in June, 1847, by Foote and wife, against Peck, before Grosvenor S. Adams, then one of the judges of the Greene Common Pleas, to recover the possession of land, under the statute relating to summary proceedings, on the ground that the term of the tenant had expired, and also that he held over after default in the payment of rent. In September following, the term of office of the judge before whom the proceedings were had, having expired on the first Monday of July, by the operation of the new constitution, a certiorari was granted by this court, at a special term, under the provisions of the 47th section of the act relating to summary proceedings for the recovery of the possession of land, ·(2 R. S. 516.) Subsequently, and after Judge Adams had removed from the county of Greene, he made and filed a return to the certiorari. A motion was made by Foote and wife to set aside the return to the certiorari, on the ground that Adams' term of office had expired, and that he had removed from the county, and for general relief.

L. TREMAIN, *for Foote and wife.*
A. MARKS, *for Peck.*

HARRIS, Justice.—Though it is the first with which I have met, I think we have here a case, which, on its passage from the old to the new judicial system, has fallen through. The writ of *certiorari* lies to remove all judicial proceedings in which no writ of error can be brought. It may be addressed to any officer, or tribunal, exercising judicial authority. It does not lie to any person who does not claim such authority. In respect to the judgment of a justice of the peace, it is provided

by law that a *certiorari*, duly brought and served upon the justice, after he shall have gone out of office, shall have the same effect as if served whilst he was in office, (2 R. S. 271, § 260.) And if the justice be dead, insane, or out of the state, the case may be reviewed upon affidavits, with the same effect as if the facts had been returned by the justice, (2 R. S. 272, § 262.) These provisions were deemed necessary by the Legislature, in order to save to parties the right to review justice's judgments after the justice has gone out of office. But though the Legislature has authorized this court to award a certiorari, for the purpose of examining any adjudication made under the statute relating to summary proceedings to recover the possession of land, it has not provided, as in the case of justices' judgments, for obtaining a return to the certiorari, or giving effect to such return, when the officer whose proceedings are to be reviewed, has, before he is served with the certiorari, gone out of office. There is no statute, nor do I know of any principle of law, which authorized the person before whom these proceedings were had, to make a return to the *certiorari*, or which would give any effect to such return, when made. To be effectual, the return must be an official act, performed under the sanction of an official oath. Here the return has been made by a mere private citizen, wholly divested of the official power and responsibility with which he had been clothed while in office. I cannot see how the return is to be regarded as anything else than a mere nullity.

By the 76th section of the Judiciary Act, provision is made for transferring certain proceedings, and, among others, proceedings "for the removal of a tenant or other person from lands," which should be *pending*, on the first Monday of July, 1847, before any officer whose term of office would expire on that day, to some other officer under the new constitution. If the proceedings in question, can be deemed to have been *pending* on the day mentioned, it may be that, by procuring the transfer of the proceedings as provided in the section referred to, the party may obtain a review. Whether that section can be made to embrace such a case, is a question which I need not now decide.

In the view I have taken of the case, the certiorari which has been allowed, can be of no advantage to the party obtaining it. I think it better, therefore, to direct that the rule allowing the certiorari and all subsequent proceedings be vacated. Neither party should have costs upon this motion.