The State of Missouri ex rel. Lathrop v. Dowling et al.

THE STATE OF MISSOURI *ex rel.* JOHN L. LATHROP, Plaintiff in Error, *v.* JOHN D. DOWLING *et al.*, Defendants in Error.

1. Certiorari— *Tax assessments, appeals from.*— The action of the board of appeals from tax assessments is judicial in its nature, and *certiorari* is the proper mode of reviewing its proceedings.

2. *Revenue — Void assessment* — Certiorari.— The fact that an assessor had no jurisdiction, and that his assessment was void, while it would render the collector personally liable, will not prevent a review of his proceedings by *certiorari.*

3. *Taxation, bank shares subject to.*—The State tax should be assessed directly against the shares of the stockholders in national banks. (Lionberger v Rowse, 43 Mo. 67; First National Bank v. Meredith, 44 Mo. 500, affirmed.)

4. Certiorari, *object of, etc.*—The writ of *certiorari* is issued to bring up for review the record of the proceedings complained of, and is not a citation to appear and justify the action of the tribunal, as though a judgment were to be rendered against its members.

5. *Revenue—Assessors' board of appeals not called on to justify levy.*—If complaint is made of the object for which taxes are to be collected, it should be by a proceeding against the authority which creates the debt or makes the levy. The assessors' board of appeals cannot be called upon to justify a levy.

*Error to Hannibal Court of Common Pleas.*

*James Carr*, for plaintiff in error.

There was no appeal, or other mode of review, of the assessment made under the authority of the city of Hannibal, complained of in this case. Hence the issuing of a writ of *certiorari* was the proper remedy to test the jurisdiction and authority of the assessor for making said assessment, and of the city council for passing the ordinances levying the taxes complained of. (The People, etc., v. Beardsley, etc., 52 Barb. 105; The People, etc., v. Comm'rs of Taxes, 23 N.Y. 224; The People, etc., v. Commissioners, *id.* 192; 2 Black, 635; Snoddy v. Pettis County, 45 Mo. 361; Hann. & St. Jo. R.R. Co. v. Martin, 27 Mo. 317.)

MARCH TERM, 1872. 135

The State of Missouri ex rel. Lathrop v. Dowling et al.

*G. H. Shields,* for defendant in error.

The petition of the plaintiff in error avers and the writ shows a state of facts which, if true—to-wit: that the tax was unconstitutional and erroneous — would have subjected the tax collector to an action for damages in the event he levied on relator's property. The fault is not in an improper assessment, or irregular or illegal assessment for other reasons, but an absolutely void assessment. If true, the relator had an adequate remedy at law. (State v. Shacklett, 37 Mo. 283 ; 30 Mo. 550.)

This position does not conflict with the later cases in the court where *certiorari* has been used or recommended (47 Mo. 462 ; *id.* 594), for in these cases the question was as to the erroneousness of the amount. Again, this distinction is made in the case of Glasgow v. Rowse, 43 Mo. 479, and the court holds that if the law under which the proceedings were had be not unconstitutional, an action of trespass would not lie against the collector ; although *certiorari* might lie to correct an erroneous assessment, it would not lie to correct a void assessment. *Certiorari* will not lie where there is another adequate remedy. See cases cited above. (People *ex rel.* Onderdonk v. Supervisors, 1 Hill, N. Y., 195.)

The writ being a discretionary writ, and liable to be abused, should be ordered only in necessary cases. The New York authorities condemn its indiscriminate use, and especially in cases like the one at bar. (People v. Mayor, 2 Hill, 9 ; In matter of Mt. Morris Square, 2 Hill, 14–29. ) The writ is multifarious in this : it commands the defendants, as city council, to return by what warrant they confirmed the assessment. It will not lie to a legislative body. (People v. Board of Health, 20 How. 458 ; Starr v. Trustees of Rochester, 6 Wend. 564 ; 23 Wend. 277.)

The right of the city, under State authority, to tax national State bank stocks, or the shares listed with other personal property of the individual shareholders as part of his personal property, is settled by the Supreme Court of the United States (3 Wall. 573 ; Van Allen v. Assessor, 4 Wall. 559 ; *id.* 244), and was fully and ably discussed by this court and decided in Lionberger v. Rowse, 43 Mo. 67, and authorities cited.

BLISS, Judge, delivered the opinion of the court.

A writ of *certiorari* was issued to defendant, as a board of appeals from the assessment of taxes by the assessor of the city of Hannibal, which was finally quashed, and the following points were made at the hearing :

1. It was urged that the court had no jurisdiction by this writ over the proceedings sought to be reviewed. The action of the board of appeals is judicial in its nature, and this is the proper mode of reviewing its proceedings. (Lee's Adm'r v. St. Louis County Court, 47 Mo. 594.)

2. The object of the proceeding was to test the legality of an assessment upon the relator's shares in the First National Bank of Hannibal, and it was also urged that if the shares were exempt from taxation, as claimed by relator, the proceedings were void, and the collector would be personally liable ; and thus, there being another remedy, this writ would not lie. But the leading object of the writ is to keep inferior judicatories within the bounds of their jurisdiction. Says Savage, J., in Starr v. Trustees, etc., 6 Wend. 567 : " It may be said that these plaintiffs have their remedy by action, therefore *certiorari* will not lie. Where there is no jurisdiction there is a remedy by action, but that does not deprive this court of jurisdiction, nor prevent a party injured from pursuing this remedy." (See also State v. Thompson, 2. N.H. 236 ; *Ex parte* Hay, 10 Pick. 358 ; State v. Pownal, 10 Me. 24 ; Williamson v. Carman, 1 Gill & J. 184.)

3. The relator's property was held to be subject to taxation, and that this holding was correct is no longer an open question. (Lionberger v. Rowse, 43 Mo. 67 ; First National Bank v. Meredith, 44 Mo. 500.)

4. The petition for the writ charges that a portion of the city tax was levied to pay interest upon bonds issued for the construction of a railroad to Naples, Illinois, an enterprise in which the city had no right to engage, and asks that respondents be required to show by what warrant and authority taxes were assessed for that purpose. Instead of sending up a transcript of the assessment and of the record of their proceedings upon appeal, they

make a long award like a return to an alternative writ of *manda-mus* or *quo warranto*, and allege among other things that the tax was assessed by virtue of an ordinance of the city, duly authorized, etc. ; and the relator complains of this return as not showing a lawful authority for this special tax.

Both parties seem to have mistaken the office of the writ and the practice under it. It is issued to bring up for review the record of the proceedings complained of, and is not a citation to appear and justify the action of the tribunal, as though a judgment was to be rendered against its members. We are not advised in this case whether there was anything before the board of assessors showing for what the city debt was contracted, or whether the relator applied to them to abate or reduce his tax for the reason named. Ordinarily, in reviewing tax assessments, we pass upon the question whether the property is liable, either at all or in the manner assessed ; and if complaint is made of the object for which the taxes are to be collected, it should be by a proceeding against the authority which creates the debt or makes the levy. I do not, however, mean to say that the purpose for which the tax is to be collected may not be considered in reviewing the action of the board of appeals, if shown by the tax list or by the record of their proceedings ; but the board cannot be called upon to justify the levy.

The question, then, of the right of the city of Hannibal to subscribe to stock in the railroad spoken of, was not raised by the record, and the court committed no error in refusing to consider it.

There being sufficient ground for quashing the writ, the judgment below will be affirmed. The other judges concur.