## IRA E. WHISTLER v. SAMUEL WILSON.

### Certiorari.

An order for a farther return to a writ of certiorari directed to a drain commissioner who had gone out of office, was refused where a personal return was not required and the drain commissioner returned that he was out of office and no longer had custody of the papers and records. The record should be certified by the officer who controls it.

MOTION for farther return to writ of certiorari. Submitted June 18. Denied June 19.

*A. L. Millard* for the motion.

*William A. Underwood* against.

PER CURIAM. Motion for further return to writ of certiorari. The proceedings which it is proposed to review on the writ were proceedings by a county drain commissioner, who had gone out of office when the writ issued. The writ was nevertheless directed to him, and he returns that he is out of office and no longer has custody of the papers and records.

We think this was all the late commissioner could return.

The proceeding is one that must stand or fall by the record, and that should be certified to us by the officer who controls it. *Commonwealth v. Winthrop*, 10 Mass., 177; *Goodrich v. Commissioners etc.*, 1 Mich., 385.

Our attention is called to *Harris v. Whitney*, 6 How., Pr., 175, and *People v. Peabody*, 6 Abb. Pr., 228, as laying down a different doctrine. In the case last mentioned the proceeding was a special one before a judge whose action after he went out of office would not be of record anywhere; and the case is therefore not in point here. In the case in Howard the proceedings seem to have been had before the judges of a court that had ceased to exist, and whether the decision is right or wrong, it can have little force as authority as it professes to overrule another decision in the same court, which seems to us the more reasonable. *Peck v. Foote*, 4 How. Pr., 425.

If the ends of justice required a personal return from the late commissioner the case might be different. But here he could return nothing but the record, and that we think is to be obtained from the proper custodian.