STATE ex rel. JOHN BERG v. VILLAGE COUNCIL OF BLACKDUCK.[1]

April 16, 1909.

Nos. 15,839—(40).

**Writ of Certiorari.**

A writ of certiorari should run in the name of the state, and must be directed to the court or body whose proceedings are sought to be reversed.

**Same—Action of Village Council.**

When it is sought to review the action of a village council in canceling a liquor license, the writ must be directed to the village council, and not to the president and the recorder of the village.

Petition to the district court for Beltrami county for a writ of certiorari directed to the president and village recorder of the Village of Blackduck to review a resolution revoking the license of petitioner to sell intoxicating liquor. An alternative writ was allowed by the court, and on the return day the writ was quashed, Stanton, J. From the order quashing the writ, petitioner appealed. Affirmed.

*Charles W. Scrutchin,* for appellant.

*Bunn T. Willson,* for respondent.

ELLIOTT, J.

The village council of the village of Blackduck, after notice and a hearing, revoked a liquor license held by the relator, Berg. On the application of Berg, what the appellant calls a writ of certiorari issued out of the district court for the purpose of bringing up the record for review. After a hearing the court quashed the so-called writ, and Berg appealed to this court.

No proper writ of certiorari was issued. What passed by that name in the proceedings was no more than a subpœna duces tecum. It was directed to certain individuals by name, who were described as the president and the recorder, respectively, of the village. The writ should have been directed to the common council of the village of Blackduck, and commanded it to make return of its proceedings in the matter of the revocation of the license. See Dunnell, Pr. § 2647.

Affirmed.

[1] Reported in 120 N. W. 894.