THE STATE ex rel. FREDERICK D. GARDNER et al., Constituting State Board of Equalization, v. ROBERT W. HALL, Judge.

In Banc, May 18, 1920.

1. **JURISDICTION: Circuit Court: State Board of Equalization: Other Inferior Tribunals.** The State Board of Equalization, although its acts are judicial, is not a tribunal within the meaning of the constitutional provision (Sec. 23, Art. 6) giving to circuit courts within their respective circuits superintending control over certain other courts and "all inferior tribunals." Even if it could be so classified, it exists only as a board, and its location is at the state capital, beyond the territorial jurisdiction of the St. Louis Circuit Court.

2. ———: ———: ———: **Certiorari.** The function of the writ of *certiorari* in Missouri is the same as at common law, and proceedings therefor should be commenced in the circuit court, unless for special reasons complete justice cannot be done, in which

case the proceedings may be begun in a Court of Appeals or the Supreme Court.

3. ———: ———: ———: ———: **Classification.** Ordinary actions as to venue are classified as transitory or local. *Certiorari* to quash the record of the State Board of Equalization so far as concerns the equalization of the values of real property in the City of St. Louis for the purpose of taxation, is not a transitory or an ordinary action, but is a local extraordinary proceeding, instituted by a prerogative writ; but, so far as determining the venue, the difference between transitory and local actions is of minor importance, for whether *certiorari* be the one or the other, to give a court jurisdiction, they must be instituted under the conditions prescribed by the statute.

4. ———: ———: ———: **Conformation to General Code.** There being no statute regulating the course of proceedings in *certiorari*, the principles and usages pertaining to the writ recognized at common law are to be moulded and modified to conform in their application to the requirements of our general code of civil procedure, whenever that can be done.

5. ———: ———: ———: ———: **Suit: Summons: Service: Process.** While a proceeding by *certiorari* is not a suit in the ordinary acceptation of the term, it comprehends all the essential elements necessary to constitute a suit; and while it is not instituted by summons as that form of process is usually understood, the writ is to be served in the same manner as writs in ordinary actions. A summons and a prerogative writ are but different forms of process, and both are but means of acquiring jurisdiction over the person of a defendant.

6. ———: ———: ———: ———: **Venue.** The venue of the writ of *certiorari* should be laid as in suits brought by summons as authorized by Section 1751, Revised Statutes 1909; and the State Board of Equalization, both by the Constitution and statutes, having no legal entity except at the state capital, and having no migratory powers and being incapable of subdivision, the Circuit Court of the City of St. Louis has no jurisdiction to issue its writ of *certiorari* requiring the board to produce its record equalizing the values of real property in that city for the purpose of taxation, in order that the same may be quashed, for the board neither resides in said city nor can it be found there.

7. ———: ———: ———: ———: ———: **Enforcement of Tax Bill.** The statute (Sec. 1753, R. S. 1909) providing that suits whereby the title in real estate may be affected, or for the enforcement of the lien of any special tax bill thereon, shall be brought in the county where such real estate is situate, has no application to a

writ of *certiorari* issued by the Circuit Court of the City of St. Louis directed to the State Board of Equalization commanding that so much of its record as pertains to the equalization of values of real property in said city be produced in court in order that the same may be quashed.

8. ———: ———: ———: ———: **Not Writ of Right.** *Certiorari* is not a writ of right. Its issuance is within the court's discretion, and that discretion should be warily exercised when it is brought by a single taxpayer and its effect, if granted, will be to nullify for purposes of taxation the valuations of the real property in St. Louis.

## Prohibition.

PRELIMINARY WRIT MADE PERMANENT.

*Frank W. McAllister,* Attorney-General, and *John T. Gose,* Assistant Attorney-General, for relators.

(1) A circuit court has no superintending control over an inferior tribunal which is not within the territorial limits of its circuit. Sec. 23, Art. VI, Mo. Constitution. "The expression of one thing is the exclusion of others." Hendricks v. Sweaney, 270 Mo. 692; Kansas City v. Assn., 145 Mo. 53; Maguire v. Association, 62 Mo. 346; Sutherland on Statutory Construction, secs. 325, 326, 327. (2) Even though the superintending control of the circuit court over inferior tribunals were not territorially limited, by the constition, still it would not necessarily follow that because the jurisdiction of the circuit court was general in a given class of cases, it had jurisdiction in a specific case. State ex rel. v. Cave, 272 Mo. 668; State ex rel. v. Shields, 272 Mo. 242; State ex rel. v. Grimm, 243 Mo. 667; State ex rel. v. McQuillin, 246 Mo. 532; State ex rel. v. Bright, 224 Mo. 514. To hold that the Circuit Court of the City of St. Louis had superintending control over the State Board of Equalization would necessarily mean that every circuit court in the state had superintending control over the State Board of Equalization. Such conclusion is so clearly in contravention of public policy that it can not be within the contemplation of the law of this State. (3) Transmission of the

alternative writ to the sheriff of Cole County, and its alleged service in said county, did not give the Circuit Court of the City of St. Louis jurisdiction over the persons of the members of the State Board of Equalization. Sec. 1751, R. S. 1909. Where a court has no jurisdiction at all, or where it is exercising powers in excess of its rightful jurisdiction, the writ of prohibition will go. State ex rel. v. McQuillin, 256 Mo. 703.

*Marion C. Early*, for respondent.

(1) Sec. 23, Art. 6, State Constitution, does not apply to this case. (a) It only applies to local tribunals, inferior to the circuit court, which the Board of Equalization is not. (b) As a general provision concerning jurisdiction it has no application to local actions, which the *certiorari* here involved is. Casey v. Adams, 102 U. S. 66. (2) The *certiorari* here involved is a local action, and its location is the City of St. Louis. State ex rel. v. Grimm, 243 Mo. 674; Black's Law Dictionary, Tit., Actions; Burrill's Law Dictionary, Tit., Actions; Mason v. Warner, 31 Mo. 508; Crook v. Pitcher, 61 Md. 510; Ackerson v. Erie Railroad, 31 N. J. L. 312; 40 Cyc. 27, Title, Venue; People v. Cicott, 15 Mich. 326; Jordan v. Owens, 67 Ga. 616; McLeod v. Connecticut Railroad, 58 Vt. 727; Worster v. Winnipiseogee, 25 N. H. 525; Condon v. Leipziger, 17 Utah, 498; Miller v. Hickey, 127 Fed. 573. (3) The *certiorari* being a local action, the Circuit Court of the City of St. Louis had authority to issue summons to Cole County. Magrew v. Foster, 54 Mo. 261; Stone v. Travelers' Ins. Co., 78 Mo. 658; Castleman v. Castleman, 184 Mo. 438. (4) No public policy countervails the jurisdiction of the Circuit Court of the City of St. Louis in the *certiorari* case.

WALKER, C. J.—This is an original action brought in this court to prohibit one of the judges of the Circuit Court of the City of St. Louis from further proceeding in a case pending in the circuit court of that city, entitled

Frank Meyer et al. v. The Governor and Other Executive Officers Constituting the State Board of Equalization, the purpose being to quash the record of said board so far as the equalization of the values of real property in that city for the purpose of taxation. In furtherance of that proceeding the circuit court issued a writ of *certiorari,* which was transmitted to the Sheriff of Cole County for service upon the members of the board and was there served upon them. Counsel for the board, appearing for that purpose only, in the circuit court moved to quash the writ on the ground of a lack of jurisdiction, both as to the subject-matter and the persons. The motion was overruled, and upon the circuit court continuing to exercise jurisdiction this proceeding by prohibition was instituted.

The question presented for solution is one of jurisdiction.

The constitutional provision (Sec. 23, Art. VI) limiting the superintending control of circuit courts within their respective circuits over certain other courts, naming them, and "all inferior tribunals," is foreign to the matter at issue. The Board of Equalization, although its acts are judicial (State ex rel. Van Raalte v. Board of Equalization, 256 Mo. l. c. 461), is not a tribunal within the meaning of the Constitution. If it could be so classified it exists only as a board and its location is at the state capital, beyond the territorial jurisdiction, as defied by the Constitution, of the St. Louis Circuit Court. If, therefore, that court possesses the power to require the board to respond to the writ here sought to be invoked it must be found elsewhere than in the constitutional provision referred to. That this power may be so found is dependent upon the general jurisdiction of circuit courts and the procedure provided by law for the exercise of that jurisdiction. This follows as a necessary deduction from the nature of the State Constitution as a limitation upon rather than a grant of power; and precludes the conclusion that it was intended to or does limit the general common-law jurisdiction of circuit

courts. The function of the writ of *certiorari* in Missouri is the same as at common law and proceedings therefor should be commenced in the circuit court unless for special reasons complete justice cannot be done, in which case proceedings may be commenced in a Court of Appeals or the Supreme Court. [Owens v. Andrew County Court, 49 Mo. 372; State ex rel. v. Dowling, 50 Mo. 134; State ex rel. v. Kansas City, 89 Mo. 37; State ex rel. v. Walbridge, 116 Mo. 656; In re Breck, 252 Mo. 302, 158 S. W. l. c. 851.]

Concrete illustration of the exercises of the power of circuit courts in the issuance of the writ against the State Board of Equalization are found in the following cases: State ex rel. Armour P. Co. v. Stephens, 146 Mo. 662; Han. & St. Joe R. R. Co. v. State Board of Equalization, 63 Mo. 294.

The general jurisdiction of circuit courts to issue the writ, or what in an ordinary action would be termed jurisdiction over the subject-matter, having been established, it remains to be determined whether it can be exercised under the facts at bar. This is dependent upon the nature of the proceeding or, more definitely stated, its classification, so far as it can be classified as an action; the character of the respondent, or board; and its location or residence.

Ordinary actions are as to venue classified as transitory and local. The distinctions between them have been well defined in Manson v. Warner, 31 Mo. 508, and need not be adverted to here further than to say that the location of the board or the place of its legal existence and the purpose sought to be accomplished by this proceeding are such as to foreclose the conclusion that this is a transitory action. This for the reason that the venue of the proceeding must have a legal and well defined *locus in quo*. Generally speaking, it would not be subjected to classification as an ordinary action, but being an application for a prerogative writ, would simply be designated as an extraordinary proceeding. [11 Corpus Juris, p. 87, sec. 1; Works, Juris., p. 703; State

ex rel. v. Wiethaupt, 254 Mo. 319; State ex rel. v. Goodrich, 257 Mo. 40.] Our Code (Sec. 1751, R. S. 1909), however, in prescribing the places where actions must be brought, while not obliterating, has rendered of minor importance, so far as the venue is concerned, the difference between transitory and local actions. Whether they belong to one class or the other, they must, to give the court jurisdiction of the person, be instituted under the conditions prescribed in the statute. It is true that a literal interpretation would limit its requirements "to suits instituted by summons," that being the language of the section. While we have no statute regulating the course of proceedings in *certiorari,* and we are authorized to adopt the principles and usages in regard to the writ recognized at common law, such adoption must in its application be moulded and modified to conform to the requirements of our general code of procedure whenever this can be done. [State ex rel. Barker v. Wurdeman, 254 Mo. l. c. 569; State ex rel. Bank v. Springer, 134 Mo. l. c. 222.] Therefore, although this proceeding is not a suit in the ordinary acceptation of the term, it comprehends all the essential elements necessary to constitute one, viz., a moving and an adverse party and the necessity of a decision determining the issue. We have held another extraordinary statutory proceeding for the discovery of assets of an estate to be a suit, because it possessed the essentials stated. [Clinton v. Clinton, 223 Mo. l. c. 380; Ex parte Gfeller, 178 Mo. 248; Eckerle v. Wood, 95 Mo. App. 378.] In Georgia it is expressly held that a proceeding in *certiorari* is a suit. [Hendrix v. Kellogg, 32 Ga. l. c. 437.] An application for a writ of prohibition is held by the United States Supreme Court to be a suit. [Weston v. Charleston, 2 Pet. (U. S.) l. c. 463.] A like ruling was made by the Supreme Court of Illinois in regard to the nature of a proceeding by mandamus. [Roodhouse v. Briggs, 194 Ill. l. c. 437.] The Supreme Court of Wisconsin in a case (State ex rel. Medical College v. Chittenden, 127 Wis. l. .c. 494) in which the vexing question, in the absence of an express

statute, was the classification to be given to an application for the writ of *certiorari,* held that the proceeding to obtain the writ is to be deemed to all intents and purposes the commencement of an action in the statutory sense. Guided by these precedents, no violence is done to the rules of interpretation in classifying this proceeding as a suit within the meaning of the statute. Exclusion from this classification may, however, be insisted upon for the reason that the proceeding is not instituted by summons as that form of process is usually understood. The writ, it is true, differs from an ordinary summons, which is directed to an officer commanding him to notify the party therein named (Anderson v. Anderson, 55 Mo. App. 268), while the writ is directly addressed to the court or board the records of which are sought to be produced. [Gossett v. Devorss, 98 Mo. App. l. c. 647.] Briefly, the one is informatory, the other is mandatory. Each, however, requires the act of a court to render it effective. [Cons. Mo. Art. VI, sec. 38; Mullanphy v. St. Louis County Court, 6 Mo. 563; State v. Guilbert, 56 Ohio St. 575, 38 L. R. A. 519.] This is true although the form of an ordinary summons is in the nature of a command in the name of the State directed to the officer charged with the execution of the writ, for the defendant to appear and answer the plaintiff's petition. [Sec. 1759, R. S. 1909; Anderson v. Anderson, 55 Mo. App. l. c. 274.] It has been held by one of our courts of appeals in Gossett v. Devorss, supra, in ruling upon the requisites of service in a *certiorari* proceeding to remove an unlawful detainer case pending before a justice of the peace, to the circuit court, that, in the absense of a statutory method of service, the writ may be served by any person or by any means by which the party to whom it was directed may receive its command. *Certiorari* as there invoked, is in the nature of a writ of error to remove the case to the circuit court for a trial upon its merits. So far as the case determines the nature of the service as different from that required by the code, it cannot be construed as applicable to the case at bar. Here the purpose of the writ was to determine if the

State Board had acted within its jurisdiction. Issued as the writ was from a court of general jurisdiction, it would not only lower its dignity but lessen the effective-ness of the writ if its service, instead of being performed by the officer charged by law with the execution of pro-cess, should be entrusted to an indifferent person. The Court of Appeals ruling, therefore, cannot be regarded as persuasively indicating that a different service of the writ is authorized in cases as at bar than is required in ordinary actions brought under our code of civil pro-cedure. That this manner of service of the writ is re-quired despite the absence of an express statute seems beyond question. It produces uniformity and as a conse-quence simplicity in this phase of procedure and thus tends to facilitate the administration of justice. No strained construction of the words employed is neces-sary to sustain this conclusion. A summons is but a form of process or, as it is repeatedly termed in the statute (Art. IV, Chap. 21, R. S. 1909), it is an original writ; a prerogative writ, as in the case at bar, is but process, and the words, therefore, may without destroying their sense be used interchangeably, or as we said in effect in Wilson v. Railroad, 108 Mo. 1. c. 599, 32 Am. St. 624, any means authorized by law of acquiring jurisdiction may properly be designated as process. [Mansur v. Life Ins. Co., 136 Mo. App. 726; Carey v. Ger. Am. Ins. Co., 84 Wis. 840, 36 Am. St. 907, 20 L. R. A. 267.]

It follows therefore that the venue of the writ should be laid as in suits brought by summons as authorized by Section 1751, Revised Statutes 1909. The initial require-ment of this section is that suits shall be brought in the county within which the defendant resides. In this case the board, created by the Constitution and its duties de-fined, has, neither under the organic nor the statutory law (Sec. 18, Art. X, Const. Mo., Art. IV, Chap. 117, R. S. 1909) any legal entity except at the State Capital. It has no migratory powers, is capable of subdivision, can act only through a majority of its members, and from the

282 Mo.—28

nature of its duties and the law of its creation it can exercise its functions only at the place of its creation. A right of action against the board, measured alone by the operation of the statute quoted, must be limited to the place of its being.

A succeeding provision of the same section of the statute authorizes the bringing of suits in the county where the plaintiff resides and the defendant may be found. As we have before stated, the board is non-existent except at the state capital and hence it cannot be subjected to process elsewhere. The proceeding is against the board. It is its action which is sought to be reviewed; and it, and not its individual members, should be sued. [Goodrich v. Highway Commissioners, 1 Mich. 385; State ex rel. v. Village Council, 107 Minn. 441; People v. Cholwell, 6 Abb. Pr. 151.]

It is further provided by the statute (Sec. 1753, R. S. 1909, amdt. 1915, p. 224) that "suits for the possession of real estate, or whereby the title thereto may be affected or for the enforcement of the lien of any special tax bill thereon, shall be brought in the county where such real estate, or some part thereof, is situated." There is nothing in the present proceeding which renders this statute in any wise applicable. The relator questions the validity of the board's action in the equalization of the value of his property for the purpose of taxation. If his contention should be sustained the utmost that could be accomplished would be the quashing of the record of the board. The application for the writ, therefore, cannot even remotely be said to affect title to real estate and hence the venue of the action cannot, under the authority of this statute, be laid in the City of St. Louis.

Relator contends that, subjected to the rules of classification, this is a local and not a transitory action. We have discussed this question, but it is not inappropriate to say in addition that the relator is nominally correct. The proceeding is local; but whatever right to redress relator has did not accrue at the place of his residence,

but at the state capital where the board sat and the order he complains of was made.

It is elementary that a court's power to hear and determine is limited to its territorial jurisdiction as defined by law. Beyond this its orders are nullities and its process is futile. [Works on Jurisprudence, p. 22.]

However, in a case of the character of that at bar, the court's action should not be predicated alone upon its right to hear and determine. *Certiorari* is not a writ of right. Its issuance is within the court's discretion. [State ex rel. Evans v. Broaddus, 245 Mo. l. c. 135.] That discretion should be warily exercised when, as here, it is brought by a single taxpayer and its effects, if granted; will be to nullify the valuation for the purpose of taxation of the real property of the City of St. Louis. Under such a state of facts it is a question entitled to serious consideration whether the injury done by the granting of the writ will not far exceed the relief afforded. [State ex rel. Fath v. Henderson, 160 Mo. l. c. 208.] The presence of other remedies to which the relator was entitled would, if the writ had been refused, have resulted in no denial of justice. [Degge v. Hitchcock, 229 U. S. 162; In re Tampa Sub. R. Co., 168 U. S. 583; Hooper v. Bridgewater, 102 Mass. 512.]

Furthermore the officers constituting the board are the executive heads of departments of the State Government. Their principal official duties are required to be performed at the capital, where their officers are located. If, therefore, jurisdiction be entertained by circuit courts elsewhere than at the state capital in cases as at bar, and the attendance of the members of the board be required at hearings which might be held in any part of the State, it could not result otherwise than as an interference with their other duties and thereby prejudice the public welfare. [State ex rel. Milwaukee Med. Col. v. Chittenden, 127 Wis. l. c. 495; Morrison v. Emsley, 53 Mich. 564; Johnson v. West, 89 Ark. 604; Clark v. Chicago, 233 Ill. 113; Elmendorf v. New York, 25 Wend. (N. Y.) 693.]

That the circuit court exceeded its jurisdiction herein is apparent. Our preliminary writ of prohibition heretofore issued is therefore made permanent. All concur. *Graves* and *Blair, JJ.,* in result.