STATE OF MISSOURI EX REL. BROWN & WILLIAMSON TOBACCO COMPANY, A CORPORATION, AND LIBERTY MUTUAL INSURANCE COMPANY, A CORPORATION, APPELLANTS, V. MISSOURI WORKMEN'S COMPENSATION COMMISSION ET AL., RESPONDENTS.—132 S. W. (2d) 683.

Kansas City Court of Appeals. October 30, 1939.

*Mosman, Rogers, Bell & Buzard* and *Don E. Black* for appellants.

*Roy McKittrick,* Attorney-General, *Covell R. Hewitt,* Assistant Attorney-General, *M. D. Campbell, Jr.,* and *Guy W. Green, Jr.,* for respondents.

KEMP, J.—This cause was commenced in the Circuit Court of Cole County, Missouri, by the filing of a petition for a writ of *certiorari* directed to the Missouri Workmen's Compensation Commission, to test the jurisdiction of that commission to commute its final award made in the case of Randall N. Hill, employee, v. Brown & Williamson Tobacco Corporation, et al., after said award had been affirmed and had become final on appeal to the Circuit Court of Howell County, and upon further appeal to the Springfield Court of Appeals. The Circuit Court of Cole County denied the writ, and from this judgment relators prosecute this appeal.

After the filing of a claim based upon injuries sustained by claimant in Howell County, Missouri, the place of his employment, a hearing was held by one member of the Workmen's Compensation Commission, who, on January 9, 1935, entered an award in this case in favor of the defendant. Application for review to the full commission was duly filed, the matter was heard before the full commission, and the full commission, on February 19, 1935, made a final award in favor of claimant and allowed him, for total permanent disability, certain medical aid and the sum of twenty dollars per week for 300 weeks, and thereafter the sum of $7.50 per week for the remainder of his life. An appeal from this award was taken to the Circuit Court of Howell County, Missouri, and there affirmed. Thereafter, an appeal was taken from the Circuit Court of Howell County to the Springfield Court of Appeals, where the judgment of the circuit court was affirmed.

Thereafter, on February 1, 1937, an application was made before the commission for a lump sum settlement. On February 19, 1937, a hearing on said application was had before the commission. At this schedule hearing, upon objection by counsel for the employer and insurer, no oral evidence was heard, but by agreement of counsel the commission's final award and all papers and findings in connection therewith, and also claimant's request for commutation to a lump sum settlement, were made a part of the record. The basis of the objection, apparently, was that the commission had no authority to make an order commuting the award after the original award had become final on appeal. On March 3, 1937, the commission made its order commuting the award to a lump sum. Upon a request for an appeal by the employer and insurer, the commission took the position that this was not an appealable order and refused to grant an appeal. Following this refusal, employer and insurer filed petition for *certiorari* in the Circuit Court of Cole County, Missouri, as aforesaid.

We are, at the outset, called upon to determine the question of the jurisdiction of the Circuit Court of Cole County in this matter.

Only recently we had before us, in the case of State ex rel. Federated Metals Corporation et al. v. Nelson et al., 117 S. W. (2d) 361, the precise situation presented in the case at bar. We there held that the Workmen's Compensation Act, by express terms, vested the jurisdiction for review of judicial acts of the Workmen's Compensation Commission in the circuit court of the county where the claim arose. The claim in that case arose in the city of St. Louis. The commission made a temporary or partial award which was signed by two members of the commission. Within ten days after the rendition of said award, the employer and insurer filed an application for review by the full commission, and, upon the following day, the commission advised that said award was signed by the full commission and was not reviewable, and declined to take any action upon the application for review. Thereupon, the employer and insurer filed petition for writ of *certiorari* in the Circuit Court of Cole County. In holding that the Circuit Court of Cole County was without jurisdiction in the matter, we there said:

". . . under the conditions presented in this case, the Circuit Court of St. Louis City is the court vested with the jurisdiction to review the evidence offered on the issue, and the St. Louis Court of Appeals is vested with jurisdiction to review upon appeal from said circuit court.

"We conclude that there is no authority under the common law, and no authority vested by statute or judicial mandate which provides for a circuit court to have and exercise supervising control over an inferior court wherein such inferior court is exercising its judicial functions in matters wherein the venue of the cause does not lie

in a county wherein said court has jurisdiction, and wherein said circuit court has neither jurisdiction of the parties nor of the subject matter of the controversy.''

We feel that the reasoning leading to our conclusions in the Federated Metals case is adequately stated in our opinion in that case and that any elaboration thereof would serve no useful purpose.

The case at bar is ruled by our decision in State ex rel. Federated Metals Corporation, et al. v. Nelson, et al., *supra*. Adhering to our views therein expressed, it follows that the Circuit Court of Cole County, in the case at bar, had no supervisory control of the Workmen's Compensation Commission in this particular matter and was without jurisdiction to issue its writ of *certiorari* therein.

Appellant urges that our decision in the case of State ex rel. Federated Metals Company et al. v. Nelson et al., *supra,* is in direct conflict with the decision of the Supreme Court in the case of State ex rel. Gardner et al. v. Hall, 221 S. W. 708. With this contention we cannot agree.

In the Gardner case, an original action in prohibition was brought in the Supreme Court to prohibit one of the judges of the circuit court of St. Louis from proceeding in a case in that court, entitled Frank Meyer v. The Governor and other executive officers, constituting the State Board of Equalization, the purpose of which circuit court suit was to quash the record of said Equalization Board, so far as concerns the equalization of the values of real property in the city of St. Louis for the purpose of taxation. The circuit court of the city of St. Louis had issued a writ of *certiorari* which had been transmitted to the sheriff of Cole county for service upon the members of the Board, and was there served upon them. The Board, throught its counsel, appearing in the circuit court solely for that purpose, moved to quash the writ on the ground of a lack of jurisdiction both as to the subject matter and the persons. The motion was overruled and, upon the circuit court continuing to exercise jurisdiction, the proceeding by prohibition was instituted in the Supreme Court.

In the Gardner case, it was held that while an application for a writ of *certiorari* is not a suit ''instituted by summons'', as described in Section 1751, Revised Statutes Missouri, 1909 (Sec. 720, R. S. Mo., 1929), providing where actions must be brought in order to give the court jurisdiction of the person, it nevertheless comprehends all the essential elements necessary to constitute one. From this the Supreme Court says:

''It follows, therefore, that the venue of the writ should be laid as in suits brought by summons as authorized by Section 1751, R. S. 1909. The initial requirement of this section is that suits shall be brought in the county within which the defendant resides. In this case the board, created by the Constitution and its duties defined,

has neither under the organic or the statutory law (section 18, art. 10, Const. Mo.; article 4, ch. 117, R. S. 1909) any legal entity except at the state capital. It has no migratory powers, is incapable of subdivision, can act only through a majority of its members, and from the nature of its duties and the law of its creation it can exercise its functions only at the place of its creation. A right of action against the board, measured alone by the operation of the statute quoted, must be limited to the place of its being.''

First, it may be noted that the Missouri Workmen's Compensation Commission is distinguishable from the Board of Equalization in every characteristic enumerated in the foregoing quotation.

Sub-section (a) of Section 3360, Revised Statutes Missouri, 1929, provides that:

''(a) Unless the parties otherwise agree, all original hearings shall be held in the county or city where the accident occurred, at such place or places therein as may be determined by the commission, or if the accident occurred outside of the State, then the hearing shall be held in the county where the contract of employment was made.''

From this it would seem to follow that the Workmen's Compensation Commission can perform at least certain of its functions in any county of the State, and hence, to that extent, is migratory. Likewise, it would appear that the existence of its legal entity is not limited to the State capital.

Section 3341, Revised Statutes Missouri, 1929, provides that:

''If an application for review is made to the commission within ten days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if deemed advisable, as soon as practicable hear the parties at issue . . . and shall make an award and file same in like manner as specified in the foregoing section.''

From this it appears that the Workmen's Compensation Commission, unlike the Board of Equalization, is capable of subdivision and of action by its several members and is not limited solely to action taken by a majority of the commission. Any single member of the commission may hear the evidence on a claim and make an award, and it is only upon an application for review filed within ten days after an award by a single commissioner, that the full commission is required to review the evidence or ''if deemed advisable hear the parties at issue . . . and make an award and file same in like manner as specified in the foregoing section.''

But, aside from these distinctions in the characteristics and powers of the Board of Equalization and the Workmen's Compensation Commission respectively, the Workmen's Compensation Act provides that any award made by the commission, unappealed from, may be filed in the circuit court of the county where the accident occurred, whereupon said circuit court shall enter a judgment in conformity therewith.

Section 3342, Revised Statutes Missouri, 1929, provides that in the event either side is dissatisfied with the award he may, within thirty days of the date of the final award, *appeal to the circuit court of the county in which the accident occurred.* The statute further provides that such appeal may be taken by filing notice of appeal with the commission ''whereupon the commission shall, under its certificate, return to the court all documents and papers on file in the matter, together with the transcript of the evidence, the findings and award, which shall thereupon become the record of the cause.''

From the foregoing, it would seem clear that the court empowered to exercise supervisory control over the Workmen's Compensation Commission in its exercise of judicial functions is fixed by the statutes of its creation. This being true, Section 1751, Revised Statutes 1909 (Section 720, R. S. 1929), which was held to be determinative of the question of jurisdiction in State ex rel. Gardner v. Hall, *supra,* has no application to the question of jurisdiction in the case at bar.

That the circuit court of the county in which an accident occurs has jurisdiction to review an order of the Workmen's Compensation Commission commuting a final award payable in monthly installments, to a lump sum, was held in the recent case of State ex rel. Missouri Gravel Co. v. Missouri Workmen's Compensation Commission, 118 S. W. (2d) 1034. The employer and insurer in that case were confronted with the identical situation which confronted the employer and insurer in the case at bar. There, the commission had made a final award which had been affirmed by the Circuit Court of Pike County where the accident occurred. An appeal from said circuit court to the St. Louis Court of Appeals had been dismissed. Thereafter, the commission commuted the award to a lump sum and denied to the employer and insurer an appeal from said order. Thereupon, the employer and insurer filed directly in the St. Louis Court of Appeals a *mandamus* action to compel the commission to allow an appeal to the Circuit Court of *Pike County* from said order of commutation. The St. Louis Court of Appeals there held that this was an order from which an appeal would lie, which appeal the Circuit Court of Pike County had jurisdiction to hear. Upon this authority the jurisdiction to review the action of the commission in making its order of commutation in the case at bar was in the Circuit Court of Howell County, where the original award of compensation had been reviewed and affirmed.

From the foregoing, it follows that the Circuit Court of Cole County did not have jurisdiction in the case at bar, other than to deny the writ and dismiss the proceeding, and hence this court has no jurisdiction to review the case on the merits. The judgment is affirmed. All concur.