STATE of Missouri ex rel. John M. DALTON, Attorney General of Missouri, Relator,

v.

Honorable Woodson OLDHAM, Judge of Division No. 2 of the 29th Judicial Circuit of Missouri, Respondent.

No. 47968.

Supreme Court of Missouri,

En Banc.

June 13, 1960.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for relator.

Arkley W. Frieze, Carthage, for respondent.

LEEDY, Judge.

This original proceeding was brought at the relation of the Attorney General against Hon. Woodson Oldham, Judge of Division II of the Circuit Court of Jasper County, to prohibit the latter from further proceeding, or attempting to exercise jurisdiction over the person of relator, in a certain action or proceeding pending in that court styled "Robert E. Young, plaintiff, vs. John M. Dalton, Attorney General, State of Missouri, defendant, No. 41858." The nature of the case sought to be prohibited is that of an appeal from the decision and action of the Attorney General in formulating and providing the official ballot title for a proposed constitutional amendment to be submitted at the next general election, or at a special election to be called by the Governor, as provided by House Joint Resolution No. 11 of the 70th General Assembly; its object is to obtain a different ballot title than that provided by the Attorney General, and to have the same certified by the Jasper Circuit Court to the Secretary of State as the ballot title to be printed by him on the official constitutional ballot, pursuant to § 125.030. (Statutory references are to RSMo 1949 and V.A.M.S., unless otherwise noted.)

The plaintiff therein is a member of the General Assembly as Representative from the First Legislative District of Jasper County, and as such he sponsored in the House the constitutional amendment submitted by Joint House Resolution No. 11. He was duly served with a copy of the ballot title provided by the Attorney General, as required by the statute just mentioned, and, being dissatisfied with such ballot title, he sought to invoke the right of appeal "to the circuit court," which that section extends to "any citizen" who is so dissatisfied. For this purpose, he filed in the Circuit Court of Jasper County on June 26, 1959, a petition, which, as to time, averments, and in making the Attorney General party defendant, complied with § 125.030. On the same day, his attorney mailed a copy of that petition to the defendant therein, the Attorney General, and it was duly received by relator in Cole County. A summons (with copy of the petition attached) was also issued, and service was had on the defendant, the Attorney General, on June 29, 1959, by the Sheriff of Cole County delivering to him, in Cole County, a copy of said summons and a copy of said petition. After unavailing efforts on his part to have said petition dismissed for want of jurisdiction of that court over his person, the Attorney General applied for, and was granted the provisional rule in prohibition under which the issues on the present submission have been framed.

It is provided by § 125.030, insofar as here pertinent, as follows: "Whenever the general assembly shall propose any constitutional amendments * * * [the secretary of state] shall within five days thereafter transmit to the attorney general of the state a copy thereof, and within ten days thereafter the attorney general shall provide and return to the secretary of state an official ballot title for such proposed constitutional amendments. * * * In making such official ballot title the attorney general shall, to the best of his ability, give a true and impartial statement of the purposes of the proposed constitutional amendment, and in such language that such official ballot title shall not be intentionally an argument likely to create prejudice either for or against such proposed constitutional amendment. Any citizen who is dissatisfied with the official ballot title provided by the attorney general for any proposed constitutional amendment may appeal from his decision to the circuit court by petition within ten days after such decision by the attorney general praying for a different official ballot title and setting forth the reasons why the official ballot title prepared by the attorney general is insufficient or unfair, and making the attorney general party defendant. * * * The circuit court shall thereupon examine such proposed constitutional amendment, hear arguments, and in his decision thereon certify to the secretary of state an official ballot title for such proposed

constitutional amendment in accord with the provisions and intention of this section. The decision of the circuit court shall be final. The secretary of state shall print on the official constitutional ballot the title thus certified to him."

Relator's position is that this statute does not fix the venue of appeals thus authorized, and therefore the general venue statute (§ 508.010(1)) applies, and that under it venue of Young's appeal does not lie in Jasper County; that there was no service of process on relator sufficient to confer upon the circuit court of that county jurisdiction over his person; and that, as venue of an action against him as an official of the State of Missouri does not lie in Jasper County, its circuit court does not have, and cannot acquire jurisdiction over his person.

Respondent concedes that service of summons upon the Attorney General in Cole County was ineffectual to confer jurisdiction over his person, but counters with the proposition that under the wording of § 125.030 the venue of an appeal from the Attorney General's decision lies in any county in the state; that such an appeal is in the nature of an action in rem, and for that reason jurisdiction of the person of the party defendant is not required; that legal notice to him of the proceeding is all that is necessary; and that the service of summons in Cole County is sufficient to constitute such legal notice, and fulfills all requirements necessary to give respondent jurisdiction to entertain and determine the appeal.

■ We consider first the contention that under § 125.030 the venue of such an appeal lies in any county in the state, which contention is based upon the legislative history of the section. The provisions thereof which we have hereinbefore set forth as pertinent were added by Laws 1919, p. 325, as lifted practically intact from an earlier act (Laws 1909, p. 554, now §§ 126.060, 126.070), which earlier act had to do with the duties of the same officers and with procedures in relation to initiative

and referendum measures. (The 1909 act had as its purpose the carrying out of the initiative and referendum provisions of the constitution which by constitutional amendment had been adopted at the 1908 general election.) In adapting the provisions of the 1909 act to the submission of proposed constitutional amendments, the 1919 act (in the portion relating to appeals seeking a different ballot title) made certain changes in phraseology, none of which have any real bearing on our question except one, and that is the omission of the following words we have italicized: "* * * may appeal from his decision to the circuit court, *as provided by section 4 of this act,* * * *." ("Section 4," thus referred to, provided for mandamus and injunction proceedings upon application to the circuit court by any citizen to compel the filing of legally sufficient initiative and referendum petitions, or to enjoin the certifying and printing of legally insufficient ones, and making this further provision: "The circuit court of Cole county shall have jurisdiction in all such cases.")

Respondent argues that the effect of the change in thus abandoning the last proviso quoted above ("The circuit court of Cole county shall have jurisdiction of all such cases"), but leaving intact the provision for an appeal "to the circuit court" was that the venue of such appeals was not restricted to Cole County, but would lie in any county in the state. We do not agree. We think it too plain for argument that the section as amended does not prescribe the venue (the place of trial) of such appeals at all, nor does it even purport so to do. The most that can be said of it is that it seems to have conferred upon circuit courts generally jurisdiction over that class of cases, i. e., the subject-matter. But "subject-matter" as here used does not have reference to the res involved in a particular case, but rather to the nature of the action and the relief to be granted, or not. Even the purpose of § 4 of the 1909 act (now § 126.050) as restricting to Cole County, by its own terms, the *venue* of actions governed by it is left

somewhat in doubt by what was said by this court in that connection in State. ex rel. Halliburton v. Roach, 230 Mo. 408, 422, 130 S.W. 689, 690 (an original proceeding in this court by mandamus to compel the Secretary of State to file certain initiative petitions for a constitutional amendment), as follows: "In fact, it was unnecessary for the Legislature to make the provision that any citizen might maintain a suit by mandamus in the Cole county circuit for the reason that that could be done in the absence of any statute. The Secretary of State residing here, the Cole county circuit court would have jurisdiction of a proceeding of that character." This is one way of saying that the general venue statute (now § 508.010) applied.

■ Assuming (without deciding) for present purposes that an appeal from the Attorney General's decision is in the nature of an action in rem, and that jurisdiction over relator's person is not requisite to the court's exercise of jurisdiction over the res, how stands the case with respect to jurisdiction over the res? Respondent insists that notwithstanding the fact that a writ of summons was issued and served in the manner we have indicated, Young's appeal was not a suit instituted by summons within the meaning of, nor is the venue thereof governed by, the general venue statute (§ 508.010(1)) which provides: "Suits instituted by summons shall, except as otherwise provided by law, be brought: (1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; * * *." The reasons advanced are that such general venue statute is limited to in personam actions, and (alternatively) venue of such appeals has been "otherwise provided for" by the terms of § 125.030. We have already determined the latter (or alternative) reason adversely to respondent. As to the first one it is sufficient to say the requirement of the statute that the Attorney General be made party defendant, and the fact that it

contemplates he should appear and argue the propriety of the ballot title prepared by him, would, on the face of things, and in the absence of a specific venue provision, seem to indicate a legislative intention and awareness that the venue of such appeals be governed by the rule that "[U]nless otherwise provided by statute, the venue of actions against executive heads of departments of state government lies generally in the county in which their offices are located and their principal official duties are performed, State ex rel. Gardner v. Hall, 282 Mo. 425, 221 S.W. 708, 711–712, * * *." State ex rel. Toberman v. Cook, 365 Mo. 274, 279, 281 S.W.2d 777, 780, 782. See, also, State ex rel. State Tax Commission v. Walsh, Mo.Sup., 315 S.W.2d 830.

■ This brings us to the contention that the extraterritorial service of the summons on the Attorney General in Cole County constitutes lawful notice, and is all that is required. In support of this contention respondent would draw an analogy between the appeal and a divorce case (as being in the nature of an action in rem), and points to the fact that in a divorce case extraterritorial service is sufficient. True, such service is good, but only because authorized by the statute in relation to divorces (§ 452.040). Here we do not have such a statute, nor, aside from the bald assertion that such extraterritorial service was sufficient to confer jurisdiction of the res upon the Jasper Circuit Court, has there been any attempt to demonstrate or uphold its efficacy. This point must be ruled against respondent. It is not contended, nor could it be, that the service by mail upon the Attorney General of a copy of the petition for appeal had any validity whatever, so that aspect of notice has dropped completely out of the case.

■■ "Jurisdiction over the res or property is the power of the court over the thing before it without regard to the persons who may be interested in it. Where the res is present within its territorial jurisdiction the court may adjudicate with regard to it

* * *; but the court has no jurisdiction of an action in rem where the property in controversy lies without the territorial limits of its jurisdiction." 21 C.J.S. Courts § 43. We agree with relator that the ballot title (which would constitute the res in such an appeal) does not have a situs in every county, but such situs as it may presently have is necessarily in Cole County, where all official action with respect to it has been taken, and where it will remain until it, or a substitute for it, is certified by the Secretary of State to the county clerks of the several counties of the state.

From what has been said it is clear that the Jasper Circuit Court, even on respondent's own theory, has not acquired, and cannot acquire jurisdiction of the res, if the proceeding be in the nature of an action in rem; and, if it is not of that character, then it is manifest that it does not have jurisdiction over relator's person, for either or both of which reasons our preliminary rule in prohibition should be, and it is, made peremptory.

All concur.