STATE of Missouri ex rel. Robert L. BURNS, Lorene Burns, Elizabeth Ege, Elmer G. Ege, Albert L. Drew, May K. Drew, William P. Hoy, Harriet E. Hoy, Orbin E. Burt, Glee M. Burt, Francis Pitcher, Catherine Pitcher, George Snider and Edith L. Snider, Petitioners-Appellants,

v.

Speed W. STANTON, Dennis Offutt, Holt Coffey, Wardie Brewer, O. V. Cecil, John French, Charles Johnston, E. I. Meyers, James Porter, John M. Reineke, R. L. Schaback, and G. P. Skinner, Members of the Planning Commission, County of Platte, State of. Missouri, O. W. Thompson, Blanche Stelzer, W. D. Dowd, Genevieve Weir, and John Robert Ray, Members of the Board of Zoning Adjustment, County of Platte, State of Missouri, Holt Coffey, Presiding Judge, Homer E. Nash, Judge of the Eastern District, and O. W. Thompson, Judge of the Western District, Members of the County Court, County of Platte, State of Missouri, and J. A. Peterson Realty Company, a Corporation, Respondents,

and

J. A. Peterson-Park Forest, Inc., Intervenor.

No. 22763.

Kansas City Court of Appeals.

Missouri.

March 3, 1958.

John R. Moore, Platte City, for petitioners-appellants.

Andrew J. Higgins, Platte City, James E. Campbell, William A. Collet, Kansas City, for respondents.

David R. Clevenger, Platte City, for intervenor.

SPERRY, Commissioner.

This is an appeal from an order dismissing a petition for certiorari seeking review of an order of the Board of Zoning Adjustment of Platte County, and other relief. The grounds alleged in the motion were that the petition was not timely filed within the time specified in Section 536.090 RSMo 1949, V.A.M.S., and that it was not filed within a reasonable time.

On and prior to March 12, 1956, petitioners, plaintiffs herein, owned homes located in the rural section, in the south part of Platte County. This area had originally been zoned R–1 A, one family dwellings. J. A. Peterson Investment Company, and J. A. Peterson-Park Forest Inc., owned a seven acre tract in this area, as well as another tract of some one hundred sixty acres of land which it planned to develop and build into a residential area. The Platte County Zoning Board had amended the original zoning order so as to permit, among others, construction in R–1 A districts, oxidation ponds for the treatment of sewage.

On March 12, 1956, J. A. Peterson-Park Forest Inc., (hereafter referred to as Intervenor) made application to the Board of Zoning Adjustment for permission to construct an oxidation pond for treatment of sewage on the seven acre tract owned by it, as above mentioned. The land of all plaintiffs herein is owned by the entirety and they own all of the land bordering on said seven acre tract on two sides.

A hearing was had and there appeared before the Board many persons who protested the proposed action. Many other persons filed written remonstrances. Among those appearing were plaintiffs Drew, Snider, and Burns, they being there represented by Mr. Moore, the attorney who represents all plaintiffs in this action. After the hearing was concluded the matter was taken under advisement and it was announced by the Board that every one would be notified of the final decision.

On the motion to dismiss evidence was offered by both sides. The evidence disclosed that the application was approved on April 25, 1956, and intervenor was notified thereof, by letter, on May 2; that thereafter, attorney Moore made inquiry of the director of planning as to the action taken in this matter and was shown a copy of said letter.

One of the members of the Board stated in evidence that several of plaintiffs called her about the matter and that she told them that the application was approved subject to some minor requirements. The director of the planning commission stated that "a week or longer" after the final action of the Board plaintiff Drew called him and was told what action the Board had taken. Mr. Clevenger, an attorney for an interested building contractor, was given a letter stating the action of the Board, upon his request therefor.

There was evidence to the effect that all plaintiffs received knowledge of the approval of the application, in some manner, some directly. All could and should have known it, when intervenor began construction work on the project in August, 1956.

Machinery was moved in and there was blasting for a period of two weeks about the middle of August. Plaintiffs all lived on acreages adjoining the seven acre tract where the project was built and could have seen the operation and could have heard the blasting, within a few hundred feet of their homes. It was shown that some did see and hear, and there was evidence that others also saw and heard. At least, there was sufficient evidence, even though some of it may have been slightly conflicting, from which the court could have found that all plaintiffs had knowledge that the pond was under construction during the middle of August.

The State Public Health department approved the construction of the oxidation pond on June 26, and several of these plaintiffs conferred with that department in regard to this matter shortly thereafter. Surveying for construction began in July; machinery was moved in on August 14, and actual construction was begun on August 15, which was when blasting began. On October 9, 1956, construction was 98 or 99% complete as to the sewage system and the pond, after the expenditure of more than $35,000. On October 19 this petition was filed, wherein a review of the proceedings, injunctive relief, and a judgment declaring all proceedings herein mentioned illegal, was sought.

Plaintiffs contend that the court erred in dismissing their petition because, they claim, the same was filed in full compliance with the provisions of Section 536.090 et seq., V.A.M.S., and that they have a constitutional right to have the order herein subjected to a judicial review.

Chapter 536, V.A.M.S., is entitled "Administrative Procedure and Review" Section 536.090 thereof provides, in part, as follows:

"Immediately upon deciding any contested case the agency shall give written notice of its decision by delivering or mailing such notice to each party, or his attorney of record, and shall upon request furnish him with a copy of the decision, order, and findings of fact and conclusions of law."

Section 536.100 provides, in part, as follows:

"Any person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case, whether such decision is affirmative or negative in form, shall be entitled to judicial review thereof, as provided in Section 536.100 to 536.140, unless some other provision for judicial review is provided by statute."

Paragraph 1 of Section 536.110 is as follows:

"Proceedings for review may be instituted by filing a petition in the circuit court or court of common pleas of the county of the plaintiff's residence within thirty days after the mailing or delivery of the notice of the agency's final decision."

Sections 64.510 to 64.690, V.A.M.S., inclusive, provide authority for zoning regulations adopted in Platte County. Section 64.660, provides in part as follows:

"Any owners * * * of * * * land jointly or severally aggrieved by any decision of the board of adjustment * * * may present to the circuit court of the county in which the property affected is located, a petition, duly verified, stating that such decision is illegal in whole or in part, specifying the grounds of the illegality and asking for relief therefrom. Upon the presentation of such petition the court shall allow a writ of certiorari * * *. The court may reverse or affirm or may modify the decision brought up for review."

Article 5, Section 22 of the Constitution, V.A.M.S., provides for judicial review of all final decisions of administrative agencies, "as provided by law." Plaintiffs rely on the procedure as outlined and provided in the foregoing statutes. It has been held that, while the *right* to a review in such cases is not statutory but is constitutional, nevertheless where the statute provides the remedy and the procedure to be followed, such procedure must be complied with; that a failure to comply with the statute is jurisdictional; that the court has inherent power to order dismissal of an action of which it has no jurisdiction. Ballman v. Duffecy, 230 Ind. 220, 102 N.E.2d 646, 649, 650.

But defendants contend that, regardless of whether plaintiffs were entitled to receive written notice of the decision reached by the Board, nevertheless, plaintiffs were not entitled to the writ at the time it was sought, because barred by their laches. The question is raised in the motion and all parties to this action voluntarily tried it before the court. Much evidence was heard on the issue, from many witnesses.

According to the record, some of plaintiffs had actual knowledge of the decision of the Board long before any construction was begun by applicant-intervenor, and the others had constructive knowledge as early as the middle of August. This action was not commenced until October 19, which was ten days after the construction was 98 or 99% complete at a cost of more than $35,000.

In Jones v. Zoning Board of Adjustment of Long Beach TP, 28 N.J.Super. 483, 101 A.2d 102, 105, the court affirmed the following principle of law:

"* * * While there is no hard and fixed rule that can be laid down for a guidance on the subject-matter of laches, nevertheless, when one seeks to invoke the discretion of the court to grant the extraordinary writ of certiorari, he must prosecute his claim with due diligence."

In that case petitioners waited two years after the decision had been rendered, and until long after the improvement had been completed, before bringing their action, although they saw the improvement being built. The court held that certiorari will not lie if the prosecutor is in laches; that equitable principles apply and require prompt action, especially where the improvement is under way. A ruling based on similar general principles was made in Gemelli v. Murdock, Sup., 123 N.Y.S.2d 803.

In Elmcrest Realty Co., Inc., v. Zoning Board of Review, 78 R.I. 432, 82 A.2d 846, the ordinance permitted an appeal to be taken within a reasonable time. Petitioners delayed appealing for a period of three months after the permit was issued and building operations began, during which time a large sum of money was spent by applicant. The court held the appeal was not brought within a reasonable time, and dismissed. The decision is commented upon and approved in Law of Zoning, Metzenbaum, 2nd Ed. page 883.

In State ex rel. Berkshire v. Ellison, 287 Mo. 654, 659 et seq., 230 S.W. 970, a writ of certiorari was quashed and the court said that such a writ must be applied for within a reasonable time or the relief would be barred because of laches.

Because the writ was not sought for more than sixty days after work on the project had been commenced pursuant to the granting of the application, and during said time applicant had virtually completed construction at a cost of $35,000, all within the knowledge of plaintiffs, plaintiffs' action should be barred by their laches.

In view of what we have said regarding the issue of laches, it is not necessary to discuss the question of notice.

The judgment should be affirmed.

MAUGHMER, C., not sitting.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.