Thos. C. BOURKE et al., members of and constituting the Board of Zoning Adjustment, Kansas City, Missouri, City of Kansas City, Missouri, a Municipal Corporation, and J. Frank Flynn et al., Appellants,

v.

H. D. FOSTER and Helen Mae Foster, Respondents.

No. 23192.

Kansas City Court of Appeals.

Missouri.

Dec. 5, 1960.

Richard H. Koenigsdorf, Guy W. Rice, Kansas City, for appellants Thos. C. Bourke and others.

Terrance W. Imes, Kansas City, for appellants J. Frank Flynn and others.

Len L. Balke, William R. Kelly, Balke & Kelly, Kansas City, for respondents.

MAUGHMER, Commissioner.

The Circuit Court modified an order of the Board of Zoning Adjustment, Kansas City, Missouri. The Board and some neighboring individual property owners have appealed. Determination of the issues presented requires examination of the applicable zoning ordinances, review of the orders made and a study of the facts as presented.

We are concerned with a residential property located at 421 East Gregory Boulevard, Kansas City, Missouri. It is undisputed that this property is located in a district zoned as R–2a (residence two-family). Section 65.060 of the Zoning Ordinances of Kansas City permits two-family dwellings in such a district if the lot contains 10,000 square feet. This lot contained less square feet and so only a one-family dwelling is permitted thereon. Section 65.042–III provides:

"III.  Accessory uses  *  *  *:

"No store, trade, business, industry, or practice of a profession shall be permitted as an accessory use in this district, except as follows:

"A.  The office of a surgeon, physician (including osteopaths and chiropractors), dentist, located in the dwelling or apartment used as the private residence of such surgeon, physician or dentist, and attended only by members of the immediate family, provided no window or other display or sign is used to advertise such occupation, except an unilluminated nameplate not to exceed eighty (80) square inches, carrying the name and occupation, may be allowed.  No clinic shall be allowed".

In October, 1958, the respondents H. D. and Helen Foster, owners of the property, made application through their agent Continental Builders, Inc. for a permit to construct an addition of 300 square feet, plus or minus, to the residence located thereon. It is contended that this application did not describe the proposed addition in as much detail as the ordinances require. However, the permit was granted, the construction was completed in November, 1958, and the owners immediately began use of the new quarters. H. D. Foster is a chiropractor. Mrs. Helen Foster is duly licensed as and sometimes operates an employment agency.

The Board of Zoning Adjustment on May 26, 1959, after a hearing, made certain findings of fact which we think were supported by substantial, credible evidence and which have been adopted by appellants as part of the factual basis of this appeal. We are speaking of the strictly factual findings and do not necessarily join in all conclusions expressed even though described therein as fact findings.

It was established that as a part of the remodeling, an existing porch was enclosed. The conversion of this porch was not specifically granted by the permit. It was found that the new addition was actually attached to the dwelling, but contained "several rooms specifically equipped, arranged for and used as a business office for the practice of a chiropractic profession"; that the front and side porch has been converted into a doctor's reception room; that the addition is used separate and apart from the residence and is exclusively for business purposes; that Dr. Foster has advertised and "holds himself out" to the public as an operator of a "chiropractic diagnostic clinic", at this particular address and that Helen Foster has held herself out as operating an employment agency in the premises.

The Board then entered these conclusions of law: (1) The permit is void since it was for an addition of frame construc-

tion to a one-family residence—not for enclosure of a porch and the whole design as carried out was for a business structure and use; (2) Although Section 65.042 permits a chiropractor to have an office in his residence, it does not authorize an addition to be constructed as an office; that this construction has exceeded the spirit and intent of the ordinances; that the use here is not an incidental use as contemplated by the zoning ordinances, but a principal use; (3) Advertising that a clinic and employment agency were located on the premises each clearly violated the zoning law; (4) The enclosure of the porch and conversion to business use was done without a permit, and the addition made constitutes a business structure and is void.

There was evidence that Dr. Foster's office was in operation from early in the morning until 9 or 10 p. m.; that at times automobiles were parked not only in front of his dwelling, but overflowing beyond it, and that patients dressed in overalls sometimes visited him. There was a separate sidewalk and separate front entrance to the added structure. It contained a separate electric meter and heating unit. The addition had a different type of outside construction with high windows. The added structure and closed porch were subdivided into a reception room, two dressing rooms, closet, hall, adjustment room and treatment room. It included a lavatory and a sink. Dr. Foster advertised in the telephone directory that his office at this address was a chiropractic clinic. Adjoining property owners and others expressed the opinion that Foster's operation had depressed real estate values in the area.

On December 8, 1958, the Commissioner of Buildings and Inspections issued an order to Dr. Foster, requiring that he "cease and desist from operation of a clinic in district zoned R–2 at 421 East Gregory on or before December 22, 1958." Both sides appealed from this order. On appeal and after hearing evidence, the Board of Zoning Adjustment in addition to entering its Findings of Fact and Conclusions of Law,

as referred to above, entered the following order:

"It is ordered, adjudged and decreed in Case No. 2918–A and Case No. 2919–A that the cease and desist order of the Commissioner of Buildings and Inspections shall be affirmed and modified to state that Dr. H. D. Foster is to cease and desist from the operation of a clinic at 421 East Gregory Boulevard and is to cease and desist from conducting and carrying on a business, particularly the office of a chiropractor or clinic at 421 East Gregory Boulevard in that portion of the structure which was built as an addition to the residence under permit No. 57202 and is to cease and desist from conducting and carrying on of said business in the portion of the building designated as a porch and now known as a doctor's reception room; that said Helen Foster is to cease and desist from carrying on an employment agency.

"It is further ordered that the Commissioner of Buildings and Inspections take action so as to compel compliance with the Zoning Ordinance of Kansas City, Missouri."

Dr. and Mrs. Foster filed their petition for a review of this order in the Circuit Court and that court made the following order under date of January 25, 1960:

" 'It is Ordered, Adjudged and Decreed in Case No. 2918–A and Case No. 2919–A that the cease and desist order of the Commissioner of Building and Inspections shall be modified and as modified affirmed to state that H. D. Foster is to cease and desist from the operation of a clinic at 421 East Gregory Boulevard in Kansas City, Missouri' ".

■ The Court's judgment or decree in modification, is quoted as it appears in the transcript. It recites modification of the order of the "Commissioner of Building and Inspections". It should recite modification

of the order of the "Board of Zoning Adjustment". This is a plain and manifest error or mistake which we have noted on appeal and which this court may correct. We do correct by striking from the judgment the words "Commissioner of Building and Inspections" and inserting in lieu thereof "Board of Zoning Adjustment". Appellants' appeal to this court is from the order of the Circuit Court.

■ It is true, as counsel has pointed out, that review by certiorari in the circuit court of an order made by a Board of Zoning Adjustment is not a trial de novo and the circuit court may not substitute its own judgment or discretion in weighing the evidence. Veal v. Leimkuehler, Mo.App., 249 S.W.2d 491; Cunningham v. Leimkuehler, Mo.App., 276 S.W.2d 633. As stated in State ex rel. Nigro v. Kansas City et al., 325 Mo. 95, 27 S.W.2d 1030, 1032, which statement was approved by this court in McKinney v. Board of Zoning Adjustment of Kansas City, 308 S.W.2d 320, 322: "The court's authority is plainly limited to correcting illegality. If the court finds the order under review illegal, in whole or in part, it may reverse or affirm, wholly or partly, or may modify, the order, as may be necessary in order to correct the illegality".

■ In their brief appellants not only ask that we reverse the circuit court and reinstate the order of the Board, but that we go further and supplement the Board's order by directing that the structure erected by the Fosters be ordered removed. The Board made no such order, and appellants did not appeal from the Board's decision or ask that it be reviewed. Therefore we are without authority on the point. To assume such power would really be hearing the matter de novo, exercising our own discretion and usurping the functions of the Board, rather than applying the statutory procedure of review. Neither we nor the circuit court can review a matter unless it was first presented to and passed upon by the Zoning Board and then only if the alleged injured party appeals. That portion

of the Board's order directing the Commissioner to "take action so as to compel compliance with the zoning ordinance" cannot be construed as an order for removal of the structure. It is really meaningless—all officers have a continuing duty to enforce the laws and an order by any Board to do just that adds nothing to either their duty or their obligation.

As we understand it, the Zoning Board order included three integral parts: First, Dr. Foster was ordered to cease and desist from the operation of a clinic at 421 East Gregory; second, to cease and desist from "conducting and carrying on a business, particularly the office of a chiropractor or clinic" in the additionally built structure at the same address, and third, "that said Helen Foster is to cease and desist from carrying on an employment agency". Stripped to its fundamentals, the Circuit Court order modified by deleting numbers 2 and 3, but continued in effect the requirement that Dr. Foster no longer operate the clinic at this particular address. Two questions are before us on appeal, that is, did the Court err in striking from the Board's order the direction that Mrs. Foster stop operating an employment agency and, further, was it error to overturn the order forbidding Dr. Foster to maintain his chiropractic *office* in the building addition?

We have carefully examined the record in this case, including not only the evidence but the various orders and findings. It is our opinion that the Court did not try the case de novo, did not substitute its conclusions or exercise its discretion, but endeavored rather to determine if the Board's order, in whole or in part, was legal or illegal. We shall approach the matter on that basis—namely, was the Board's order legal and authorized under the ordinances and, secondarily, did the modification judgment of the trial court unduly restrict the order under review, or did it merely confine such order within legal limitations.

■ The Commissioner of Buildings and Inspections testified that his reason for is-

**212**

suing the original cease and desist order was that "according to the man's own admission in the telephone directory he was running a clinic and its says specifically in our building code and in our zoning code no clinic shall be operated in a residential area". Section 65.042–III, supra, squarely provides that in an area zoned R–1, the office of a chiropractor may be located in the dwelling or apartment used as his private residence if attended only by members of his immediate family and provided "no window or other display or sign is used to advertise such occupation, except an unilluminated nameplate not to exceed 80 square inches, carrying the name and occupation, may be allowed. No clinic shall be allowed". There might be some difference of opinion as to just what constitutes a clinic. Some evidence was received on the question. A medical clinic seems to connote a setup equipped to examine, diagnose and treat human ailments. It would include equipment built for and individuals trained for the accomplishment of examination, diagnosis and treatment. A chiropractic clinic would be limited to the chiropractic field. There is no showing here that Dr. Foster employed any outside assistance in his office. He had no associate doctor, no nurse, not even a receptionist. It seems to us that the addition was added to and became a part, insofar as construction is concerned, of the dwelling house. It is, we think, the construction, rather than the use, which determines whether or not it is a part of the dwelling house. If we project the Board's findings and rulings a bit further, it would appear that if Dr. Foster had made bedrooms out of the new construction and converted the existing bedrooms into an office, the Board would rule him in compliance, but he is not in compliance if he retains the old bedrooms and uses the new part as an office. Such reasoning, we think, is not only a very narrow, but rather illogical construction. It appears to us, as apparently it did to the trial court, that insofar as the operation of his chiropractic office in the premises is concerned, he was

in compliance with the ordinance provisions. This being so, the Board lacked authority to close the office and the trial court properly modified the order in this respect.

■ Now as to the second modification in regard to Mrs. Foster's employment agency. It will be noted that the Board's order as made required Helen Foster "to cease and desist from carrying on an employment agency", not just at 421 East Gregory, but anywhere. Of course, the Board had no such general and extensive authority. We could affirm the Court's action in eliminating this portion of the order because it was not restricted to the Foster residence. However, we are sure it was intended to apply only to 421 East Gregory. Furthermore, we prefer that our decision on this point rest chiefly upon the broad ground of merit, rather than on this narrow ground of technicality. Therefore, upon that basis we examine the question. Section 65.020—Home Occupation—provides: "Any occupation of a service character which is clearly secondary to the main use of the premises as a dwelling place, and does not change the character thereof or have any exterior evidence of such secondary use. This occupation shall be carried on or conducted only by members of a family residing in the dwelling and in connection with which there is kept no stock in trade or commodity for sale upon the premises".

It is true that the operator of an "Employment Agency" is required to be licensed. A licensed business is not excepted by the ordinance and we think such occupation is "of a service character" within the meaning of the Act. We have read the record and find no evidence that this occupation was being conducted by anyone other than by members of the family. Certainly no stock in trade or commodity for sale was kept on the premises in connection with such business. This being true, the Board's order enjoining operation of the agency was without factual support, was in con-

travention of the plain authorization of the zoning ordinance and was therefore properly deleted by the Court.

In passing upon appeals from the Commissioner or in deciding other matters properly brought before it, Section 65.300 of the zoning ordinances states that the Board of Zoning Adjustment "may reverse or affirm wholly or partly or may modify the order, requirement, decision or determination appealed from and may make such order, requirement, decision, or determination as ought to be made". The decisions similarly define the scope of review. But this ordinance further provides that: "In no case shall the Board modify the requirements of this chapter so as to substantially destroy or nullify these requirements". This is a plain declaration, if any such was needed, that the Board may not modify, amend or destroy the clear commandments of the statute or any act which falls within its limitations.

■ Appellants invite our attention to the legal proposition that a license to operate a business or a permit for building construction if unauthorized under the ordinances is void and the city is not estopped because its employee issued the license or permit. We think that is a generally correct statement of the law and the cases so hold. However, we have before us not an action to void a license or permit, not an order made by the commissioner or by the Board directing removal of the structure, but rather an order forbidding Dr. Foster to operate his chiropractic office in his private dwelling and forbidding Mrs. Foster to carry on the employment agency therein. The ordinances seem specifically to authorize these activities. The Board's order in these respects was in contravention of the statutory enactments. The Court correctly modified the order so as to bring it within such limitations.

Therefore the judgment of the Court in modifying the order of the Zoning Board is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.