STATE of Missouri ex rel. STATE TAX COMMISSION et al., Relators,

v.

Honorable Drew W. LUTEN, Jr., Judge, Respondent.

No. 55538.

Supreme Court of Missouri, En Banc.

Nov. 9, 1970.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for relators.

Francis A. Casserly, Biggs, Hensley, Curtis & Biggs, St. Louis, for respondent.

MORGAN, Judge.

In this original proceeding in prohibition, the State Tax Commission, relator, seeks to prohibit respondent, a Circuit Judge of St. Louis County, from judicially reviewing a decision of relator approving an increased assessment placed on certain real estate.

It is agreed that the real estate involved is located in Dent County, and that the owners thereof are residents of St. Louis County. Thus, the ultimate question requires a determination as to whether judicial review of the assessment entered by the particular agency—the State Tax Commission—must be in the county where the real estate is located or may be in the county where the owners reside.

Relator contends that Section 138.470, V.A.M.S., in paragraph (4) specifically limits review to the county wherein the real estate is located, while respondent submits that Supreme Court Rule 100.04, V.A.M.R., which superseded Section 536.110 on April 1, 1960, provides such review is to be had in the county of an owner's residence.

Prior to adoption of Rule 100.04, this court considered a similar question in Warnecke v. State Tax Commission, Mo., 340 S.W.2d 615, and ruled that Section 138.470 controlled over the general provisions for review found in Section 536.110. Admittedly, the wording of Rule 100.04 differs from that of Section 536.110 and we have the question anew, unless it be determined that the reasoning found in the Warnecke case is also applicable to the instant question.

It is established by precedents that when a legislative body creates a board, commission or other administrative agency, and gives it a legal entity, that it may also designate which courts may initially review decisions of such agencies. Due process only demands such judicial review be available and not that it be in all courts of comparable general jurisdiction. Ward v. Public Service Commission, 341 Mo. 227, 108 S.W.2d 136.

Section 138.470 is found in those statutory provisions pertaining specifically to taxation and revenue, and particularly those outlining the duties and powers of the State Tax Commission, and in paragraph (4) thereof provides: "The action of the commission, or member or agent thereof, when done as provided in this section, shall be final, subject, however, to

review in the manner provided in sections 536.100 to 536.140, RSMo, except that the venue of proceedings for review involving the assessment of real property is in the county where the real property is situated."

Chapter 536 was captioned "Administrative Procedure and Review," and in Section 536.100 provided that its provisions for "judicial review" would be controlling "unless some other provision for judicial review is provided by statute * * *." In Section 536.110 it was further provided in paragraph (1) that, "Proceedings for review may be instituted by filing a petition in the circuit court or court of common pleas of the county of proper venue * * *." Paragraph (3) of the same section provided other alternatives.

Such was the state of the law at the time the Warnecke case considered the question. Recognition was first given to the principle, 340 S.W.2d loc. cit. 618, " * * * that the legislature has the right to say that particular circuit courts have exclusive jurisdiction on appeals from the orders of an administrative agency * *," as was held in the Ward case, supra. It was further held, 340 S.W.2d loc. cit. 618, that venue in this instance had a jurisdictional connotation, e. g., "In our view, however, the pertinent provisions of sections 138.470 and 536.110 prescribe not only 'the venue' but confer exclusive appellate jurisdiction to review a decision of the State Tax Commission involving the assessment of real estate upon the circuit court of the county in which the real estate is located.

* * * * * *

"The decisive question here involves the appellate jurisdiction of a particular circuit court to review a particular administrative decision; 'venue' in the usual sense is not involved."

It should be mentioned at this point that respondent argues the Warnecke case was decided solely upon the fact the words "of the county of proper venue" in Sec-

tion 536.110 were vague and of necessity the court had to look elsewhere for Section 138.470. It is true the court further buttressed its opinion by a similar comment, but from those portions of the opinion above quoted it is clear the opinion was actually bottomed on recognition of the fact the legislature had exercised its prerogative of designating a particular court for the particular task at hand. Respondent further argues that, "After the enactment of Rule 100.04 it was no longer necessary for an appellant or plaintiff to search the numerous statutes to find out what would be the appropriate venue." Such a utopian thought can not be criticized and hopefully, with the continued creation and growth of administrative agencies, will someday be realized. However, our immediate task is to construe the law as we find it.

■ When Rule 100.03 superseded Section 536.100, as a general provision for administrative review, the words "unless some other provision for judicial review is provided by statute" were retained. This fact, perhaps unfortunately, refutes respondent's argument that Rule 100.04 takes precedence over any other statutory provisions pertaining to "venue." The latter rule provides, in paragraph (a), that "Proceedings for review may be instituted by filing a petition in the circuit court or court of common pleas of the county of the plaintiff's residence within thirty days after the mailing or delivery of the notice of the agency's final decision." This change eliminated the inherent uncertainty created by the former use of the words "county of proper venue," but must be read in harmony with Rule 100.03 that Rule 100.04 is not applicable if some other statutory provision for review exists. In possible anticipation of the last conclusion, respondent further argues that the exception "unless some other provision for judicial review is provided by statute" (Rule 100.03) means there must be an "entire procedure" provided elsewhere, as per example (1) Section 287.490 in Workmen's Compensa-

tion cases, (2) Section 288.210 in Employment Security cases, or (3) Section 386.510 pertaining to the Public Service Commission, before the general rules pertaining to review of administrative agencies is inapplicable. No authority is cited for this argument, nor do we believe it can be sustained. Authority contrary to this argument may be found in State ex rel. Day v. County Court of Platte County, Mo.App., 442 S.W.2d 178. An appeal was sought from an order of the county zoning authority as provided by Section 64.660. This section, although detailing much of the procedure to be followed, had no time limit on asking for judicial review. The Kansas City Court of Appeals ruled that such a void would be met by looking to the general administrative review act (Chapter 536), and said, "Sections 64.660, 536.100 and 536.110 are *in pari materia* and should be construed together." The result being that the general provisions for review (thirty day time limit) were used to supplement the special provisions pertaining to the particular administrative agency.

■ Our effort to answer each argument of respondent has made the problem sound more difficult than it is. When a court review of any administrative body is sought, it is first logical to see if there are any specific provisions for the same in the statutes relating to the particular agency. Such provision may be all inclusive, as per example Section 386.510 in connection with the Public Service Commission, and the procedure therein provided should be followed. See State ex rel. Wiggins v. Hall, Mo., 452 S.W.2d 106, pertaining to the Liquor Department. If such specific provisions do not detail all factors involved, then the general provisions of Supreme Court Rule 100, "Administrative Review," should be followed to supplement such inadequacies as was done in the Day case, supra. Lastly, some administrative bodies have no special provisions for judicial review and the procedure is governed by Rule 100, except as to such exceptions

as may be specifically provided. For example, the "Administrative Hearing Commission," authorized by Section 161.252, and involving those many agencies listed in Section 161.272, are governed by Section 161.322 which provides: "The provisions of chapter 536, RSMo, and any amendments thereto, except those provisions or amendments which are in conflict with 161.252 to 161.342, and any civil rule hereafter adopted which supersedes an applicable provision of chapter 536, shall apply to and *govern the proceedings of the administrative hearing commission and the rights and duties of the parties involved.*"

The specific procedure for review of an assessment decision of the State Tax Commission found in paragraph 4 of Section 138.470, being all inclusive, is controlling, and since "assessment of real property" is involved review must be "where the real property is situated." With the real estate being in Dent County, the circuit court of St. Louis County can not entertain the petition for review.

Our provisional rule in prohibition is made absolute.

All concur.