**Fred HART and Virginia Michael Hart, Plaintiffs-Respondents,**

v.

**BOARD OF ADJUSTMENT OF the CITY OF MARSHALL, Missouri, et al., Defendants-Appellants,**

**and**

**John P. Huston, et al., Intervenors.**

**No. WD 31712.**

Missouri Court of Appeals, Western District.

May 4, 1981.

R. Lin Alexander, Marshall, for appellants.

Everett S. Van Matre, Robert R. Sterner, Van Matre & Van Matre, Mexico, for respondents.

Before DIXON, P. J., and KENNEDY and NUGENT, JJ.

DIXON, Presiding Judge.

This appeal is by the defendant Board of Zoning Adjustment from a circuit court order directing the issuance of a building permit to plaintiffs.

The circuit court purported to act under Section 89.110 RSMo 1978, and the dispositive issue is the jurisdiction of the circuit court to enter its order in the procedural circumstances shown by the record.

Plaintiffs requested a zoning variance from the Board of Adjustment of Marshall after the city building inspector denied their building permit. After a full evidentiary hearing before the board, at which plaintiffs were represented by counsel, the board, after making extensive findings, denied plaintiffs' request for the variance. The evidence before the board was reported by an official court reporter in accordance with the provisions of the zoning ordinance of the city requiring such a record.

Plaintiffs then brought an action in two counts in the circuit court. Count I sought a writ of certiorari to the board to review the decision, a reversal of the decision, and an order directing the issuance of a building permit. Count II sought a declaration that the ordinance was void due to unconstitutionality. No writ of certiorari was ever issued, and there was no filing by the board of a return or its record of the proceedings.

After a hearing on the matter, the court made extensive findings of fact and issued an order directing the granting of a building permit to plaintiff.

To place the issue in proper focus for disposition, there must be a statement of the pretrial proceedings in the circuit court. A joint motion to intervene as defendants was filed by fourteen people who alleged that the requested relief in plaintiffs' petition would adversely affect their interests. No disposition of this motion is shown. An answer was filed by these intervenors with the motion to intervene. The answer to Count I affirmatively stated that the actions of the board were authorized by law and supported by competent and substantial evidence, that the court could not substitute its judgment for that of the board, and that there was no constitutional infirmity in the ordinance. These intervenors, through counsel, actively participated in the circuit court proceedings, and no issue was raised as to their standing despite the failure of the record to show an order permitting intervention.

The intervenors' answer to Count II reiterated what was said in Count I and prayed for a determination that the ordinance was constitutional. The Board and the City, as original defendants, then answered in like fashion.

On the morning of trial in October of 1979, defendants and intervenors joined in motions to strike Counts I and II of the petition. The motion to strike Count I of the petition stated:

> Come now defendants and move the court to strike Count I of plaintiffs' petition for the reason that ... a Writ of Certiorari ... has never been issued. [A]ccordingly there is nothing for this Court to review under Section 89.110 MRS and Count I of Plaintiffs' petition, and that Defendants and Intervenors are entitled to at least 10 days after such Writ be issued in which to file their Return to said Writ under the express provisions of said Section 89.110 MRS ...."

The motion to strike Count II asserted "Plaintiffs have not exhausted the specific statutory remedy providing Certiorari for review of the Board of Adjustment decision under Section 89.110 MRS as required by *American Hog Company v. The County of Clinton*, 495 S.W.2d 123, l.c. 126 (Mo.App. 1973), and that until such specific statutory remedy is exhausted constitutional issues should not be litigated."

The motions were argued to the court. The court overruled the motions "for this time at least." After the motions to strike were overruled, the court proceeded to hear evidence on the merits of the dispute over the objections of the board and intervenors. It is patently clear that the board never filed a return and that its records and proceedings, including the recorded testimony, were not before the circuit court. During the trial, plaintiffs successfully introduced, over defendants' objection, the uncertified "order" of the board which had denied plaintiffs' variance request. The court, in ruling on the objection, stated "the court rules that the defendants by filing answer waive the issuance of a writ. Objection is overruled. Exhibit Five is admitted in evidence."

The precise issue for decision is the propriety of the circuit court hearing evidence and ruling on the merits without issuance of a writ and a proper return by the board. The relevant part of the statute governing this issue follows:

89.110. Board of adjustment—decisions subject to review—procedure.—Any person ... aggrieved by any decision of the board of adjustment, ..., may present to the circuit court ... a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality. .... Upon the presentation of such petition the court may allow a writ of certiorari directed to the board of adjustment to review such decision ... and shall prescribe ... the time within which a return thereto must be made ..., which shall not be less than ten days .... The board of adjustment shall not be required

to return the original papers acted upon by it, but it shall be sufficient to return certified or sworn copies thereof .... The return shall concisely set forth such other facts as may be pertinent and material to show the grounds of the decision appealed from .... The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review."

It is unquestioned that plaintiffs were aggrieved by the decision of the Board, that they filed a petition in the circuit court asserting the illegality of the decision, and that the filing occurred within the statutorily required thirty days of the adverse decision.

Regardless of the manner in which it is stated, it is a well-settled principle of law that where the trial court did not have jurisdiction to determine the issues presented on the merits, the court of appeals jurisdiction does not extend to a determination of the appeal on the merits. *Shepler v. Shepler*, 348 S.W.2d 607 (Mo.App. 1961); *Lincoln County Memorial Hospital v. Missouri State Board of Mediation*, 549 S.W.2d 665 (Mo.App.1977). It is also equally established that jurisdiction may not be conferred on a court by waiver and that a court has a duty to sua sponte inquire into and determine whether it has jurisdiction, *Corder v. Corder*, 546 S.W.2d 798 (Mo.App. 1977); *In Re Marriage of Allen*, 570 S.W.2d 352 (Mo.App.1978).

Although the statement is generally made that "issuance of the writ is ordinarily necessary to confer jurisdiction on the reviewing court," 14 Am.Jur.2d Certiorari § 42, no Missouri court has ever expressly stated the rule. However, cases dealing with certiorari, or § 89.110 RSMo 1978, or both, indicate that issuance of the writ was necessary to confer jurisdiction on the circuit court to dispose of the case on the merits.

In *State ex rel. Gardner v. Hall*, 282 Mo. 425, 221 S.W. 708 (banc 1920), the central issue was the proper venue of a certiorari action challenging tax assessments. In passing on this question, the court equated

a summons in a civil case to a writ of certiorari. The court stated: "A summons is but a form or process, or as it is repeatedly termed . . . an original writ. A prerogative writ, as in the case at bar, is but process, and the words, therefore, may without *destroying* their sense be used interchangeably, or, as we said in *Wilson v. Railroad*, 108 Mo. l.c. 599, 18 S.W. 286, . . . . *any means authorized by law of acquiring jurisdiction* may properly be designated as process . . ." (Emphasis added). 221 S.W. at 711.

*State ex rel. Nigro v. Kansas City*, 325 Mo. 95, 27 S.W.2d 1030 (1930), discussed the statutory scope of review accorded the circuit court under § 89.110 upon issuance of a writ of certiorari:

The review of a decision of a board of zoning appeals by the circuit court being purely statutory, the court's jurisdiction in such proceeding does not extend beyond that conferred by the statute. Looking to the statute it is apparent that the court is not vested with the power to supervise the discretion lodged with a board of zoning appeals; it is not authorized to entertain a hearing de novo and then make such order as in its opinion the board should have made. *The court's authority is plainly limited to correcting illegality. If the court finds the order under review illegal,* in whole or in part, it may reverse or affirm, wholly or partly, or may modify, the order, as may be necessary in order to correct the illegality. As the board of zoning appeals in this case was wholly without the power to grant the relief sought by respondent, its order denying such relief could not in any respect have been illegal.

(Emphasis added.)

The ordinance language in *Nigro* which allowed the board to grant variances is essentially the same as that used in the ordinance here questioned. The court in *Nigro* held that the circuit court could not do what the board was powerless to do. The parallel to the instant case is the factual similarity of the relief requested by the landowner, denied by the board, granted by the circuit court and overturned on appeal.

*State v. Ladue Professional Building, Inc.,* 395 S.W.2d 316 (Mo.App.1965), also dealt with certiorari review under § 89.110. In *Ladue,* evidence was adduced at the circuit court hearing which was not presented at the board hearing. The court stated:

Both contentions are based on relators' evidence produced not at the hearing before the Board, but brought up later at the trial in the Circuit Court, over the respondent building company's objection. We must determine the force and effect of this Circuit Court testimony. We do so in the light of two long standing principles. *At common law, certiorari proceedings are not heard de novo and the reviewing court does not weigh the evidence, but deals only with the questions of law that appear on the face of the record.* See *State ex rel. Miller v. O'Malley,* 342 Mo. 641, 117 S.W.2d 319(1). And, when the review is statutory as here, the court's jurisdiction is further limited to that granted by the statute. *State ex rel. Nigro v. Kansas City et al.,* 325 Mo. 95, 27 S.W.2d 1030(4). The statute providing for review of city zoning orders by certiorari is § 89.110, V.A.M.S. It authorizes circuit courts to issue writs of certiorari and says: ' * * * If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take additional evidence * * *.' We do not think this was meant to change the nature of the hearing from one of review to one de novo on the merits. Instead, we think it was intended only to allow further evidence that touches upon the procedural legality of the hearing before the Board. Comparable review statutes have been so construed. See *State ex rel. Beacon Court, Inc. v. Wind,* Mo.App., 309 S.W.2d 663(3), applying § 64.120, V.A.M.S. to reviews of decisions of zoning boards in Class One counties; and *State ex rel. Horn v. Randall,* Mo.App., 275 S.W.2d 758(3), applying § 536.140(4), V.A.M.S., to reviews of decisions of administrative agencies. This testimony offered by relators in the Circuit Court dealt with the merits of the case on which the Board had ruled, not

with the procedural legality of the Board's hearing. The respondents' objection to the testimony should have been sustained, and we will disregard the testimony.

(Emphasis added).

Later in the opinion, the court said: The 'Johnny-come-lately' claim of illegality of building height was not presented to, considered by, nor ruled on by the Board. And, as previously ruled herein, in the Circuit Court evidence is limited to issues of procedural legality, and may not extend to the merits of the case. In the case of *Bourke v. Foster,* Mo.App., 343 S.W.2d 208(4) the court declined to consider such an extraneous issue, saying: ' * * * To assume such power would really be hearing the matter de novo, exercising our own discretion and usurping the functions of the Board, rather than applying the statutory procedure of review. *Neither we nor the circuit court can review a matter unless it was first presented to and passed upon by the Zoning Board* and then only if the alleged injured party appeals. * * *' So, we must decline to review the point.

(Emphasis added).

The language in *Ladue* makes it clear that a record of what occurred in the board hearing is essential to a review at the circuit court level. It specifically states that the court is limited to matters presented to and passed upon by the board. How, without the return of the board, the circuit court could determine what matters were presented to the board and which were not, remains a mystery. Had a writ of certiorari been issued and a return filed, an appropriate appellate review of the board's decision could have taken place.

Further, *Ladue* has factual parallels to the case here. Appellants there failed to raise any question as to the procedural legality of the board's action until they appealed to the St. Louis Court of Appeals. The court's disposition of this claim follows:

For their final point, the relators Weinhardt now claim that witnesses who appeared before the Board were not sworn, and argue that there was therefore no evidence before the board to support its order granting the permit. This is the very kind of evidence that is admissible at the trial in the Circuit Court. It goes not to the merits of the case heard by the Board, but is an attack upon the procedural regularity of the Board's hearing.

In *Bourke v. Foster,* 343 S.W.2d 208 (Mo. App.1960), the court echoed prior statements concerning the scope of review in the circuit courts and on appeal, and stated: "Neither we nor the circuit court can review a matter unless it was first presented to and passed upon by the Zoning Board ...." Accord, *One Hundred Two Glenstone v. Board of Adjustment,* 572 S.W.2d 891 (Mo.App.1978).

■ All of these cases comport with a literal reading of the statute. The circuit court's duty and jurisdiction is to review the decision of the Board as encompassed in the *return* to the writ.

■ The circuit court was acting in excess of its jurisdiction in ruling on the merits of the case where no writ of certiorari directed to the Board ever issued. The record of the Board's action, which provides the basis for the court's review, having not been sent for, precludes review by certiorari. This court's jurisdiction, being derived from that of the circuit court, does not exist to resolve Court I on the merits.

*Gothard v. Spradling,* 586 S.W.2d 443 (Mo. App.1979), clearly defines the scope of circuit court jurisdiction in such cases as follows:

Where the legislature is authorized to, and provides a method for review, failure to follow that procedure is jurisdictional. *Randles v. Schaffner,* 485 S.W.2d 1, 3 (Mo.1972). The General Assembly may very properly provide for specific review procedures in particular cases. *Blydenburg v. David,* 413 S.W.2d 284, 291 (Mo. banc 1967). The right of review is constitutional, but where the statute provides the remedy and the procedure to be followed, it must be complied with. *State ex rel. State Tax Commission v. Luten,*

459 S.W.2d 375 (Mo. banc 1970); *State v. Stanton*, 311 S.W.2d 137, 140 (Mo.App. 1958). When a statute provides a special type of review it is exclusive so as to preclude the use of any other or nonstatutory method. *American Hog Company v. County of Clinton*, 495 S.W.2d 123, 127 (Mo.App.1973).

*Gothard, supra* at 445.

The circuit court was not without jurisdiction to act—the petition was timely filed, and the court should have ruled on the issuance of the writ as commanded by the statute. Thereafter, meaningful review of the Board's action could occur. The evidence heard and the ruling made were in excess of the jurisdiction of the circuit court and must be reversed.

It cannot be determined, because of the absence of a proper record, whether or not a constitutional attack was made upon the ordinance before the Board. Without ruling on the issue of a proper preservation of the issue, something must be said regarding plaintiff's Count II seeking declaratory judgment, since the case is to be remanded.

Under Count II, plaintiffs sought a declaration that the ordinance under which the Board acted was unconstitutional for the reasons previously mentioned. The grounds asserted in favor of the declaration of unconstitutionality paralleled those advanced under Count I which sought certiorari.

That the challenge to the ordinance on constitutional grounds could have been resolved in the certiorari proceeding (if properly brought) is made clear by the case of *Hoffmann v. Kinealy*, 389 S.W.2d 745 (Mo. banc 1965). In *Hoffmann*, plaintiff's petition for certiorari in the circuit court charged that the ordinance there was "unconstitutional, null and void and was of no effect as to [their property] . . . [because] said section would impair, restrict and deprive relators of vested . . . rights." The court declared the ordinance unconstitutional as applied to plaintiffs' property. The challenge to the ordinance in the instant case is based in part on the same theory as that in *Hoffmann*, and a resolution of the constitutional issue here could have been

accomplished had the certiorari action been properly pursued.

*Perez v. Webb*, 533 S.W.2d 650 (Mo.App. 1972), also states that judicial review of administrative proceedings includes constitutional questions at the circuit court level.

That the existence of this procedure for testing the constitutionality of the ordinance precludes any other method of review is made clear by the holdings in *American Hog Co. v. County of Clinton*, 495 S.W.2d 123 (Mo.App.1973); *Ackerman v. City of Creve Coeur*, 553 S.W.2d 490 (Mo.App.1977); *State ex rel. Burns v. Stanton*, 311 S.W.2d 137 (Mo.App.1958); *Gothard v. Spradling, supra;* and *State Tax Commission v. Luten*, 459 S.W.2d 375 (Mo. banc 1970).

In *American Hog*, plaintiff sought a declaratory action that it had a right to continue a non-conforming use. Plaintiff had not asked for review before the Board, nor did it seek certiorari. The court stated in effect that neither § 536.050 RSMo (governing declaratory judgments in administrative review cases), Rule 100, nor § 527.020 (the general declaratory action statute) were applicable where there was a specific statutory review under § 64.660 (similar in most respects to the instant statutory section).

In *Ackerman*, plaintiff also sought a declaratory judgment that a certain ordinance did not permit access across his rear yard—without first appealing the planning and zoning commission's decision to the Board as set out in Chapter 89 RSMo. The court relied extensively on *American Hog*, determined the circuit court to be without jurisdiction, and ordered dismissal of plaintiff's petition. *Stanton* involved review of a decision of a Board of Adjustment. The court there flatly stated that failure to comply with statutory review procedures was jurisdictional. *Gothard* restated the general rules regarding review, cited the foregoing cases, and affirmed a trial court order which refused an injunction.

These cases demonstrate that since the statutory method of review was available to challenge the constitutionality of the ordinance in this case, a declaratory action was

unavailable for that review. In *Luten*, the court went to great lengths to detail the appeal process of administrative decisions, and in effect held that where a review procedure was all-inclusive, it should be followed.

Under *Luten*, in appealing an administrative decision, the applicable statutory method of review must initially be followed. If the statutory method does not detail all the review factors involved (such as the statute here), then the review provisions of Rule 100 should be followed to supplement the statutory inadequacies.

In the current case, plaintiffs sought review by certiorari in the circuit court pursuant to § 89.110. Since that statutory method of review did not detail what questions were reviewable in the certiorari action, resort to Rule 100 was necessary. Rule 100.07 details the scope of inquiry, and subsection (b)(1) includes determination of whether the actions of the Board were in violation of constitutional provisions. Subsections (b)(3) and (6) also allow review of the actions on grounds of substantial evidence and arbitrariness. All of the relief sought by plaintiffs was available to them under the statute; a separate action for declaratory relief was inappropriate. To the extent that the trial court's ruling may be said to respond to the request for declaratory relief, it was improper. *American Hog, supra.*

The judgment of the circuit court is reversed, and the cause is remanded to the circuit court with directions to the circuit court to exercise its jurisdiction under § 89.110 RSMo 1978 in accordance with this opinion.

All concur.